IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-02834

**CELINE COMMISSIONG, Individually and for Others Similarly Situated,**

    Plaintiff,

v.

**THE CENTER AT LINCOLN, LLC,**

    Defendant.

---

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Celine Commissiong ("Commissiong") brings this collective action to recover unpaid overtime wages and other damages from The Center at Lincoln, LLC ("TCL").

2. Commissiong worked for TCL as one of its Patient Care Workers (defined below) in Parker, Colorado.

3. Like TCL's other Patient Care Workers, Commissiong regularly worked more than 40 hours a week.

4. But TCL did not pay them for all their hours worked.

5. Instead, TCL automatically deducted 30 minutes a day from Commissiong and its other Patient Care Workers' recorded work time for so-called "meal breaks."

6. Commissiong and the other Patient Care Workers were thus not paid for that time.

7. But Commissiong and the other Patient Care Workers did not actually receive *bona fide* meal breaks.

8. Instead, TCL required Commissiong and its other Patient Care Workers to remain on-duty and perform compensable work throughout their shifts, and TCL continuously subjected them to work interruptions during their unpaid "meal breaks."

9. TCL's auto-deduction policy violates the Fair Labor Standards Act ("FLSA") by depriving Commissiong and TCL's other Patient Care Workers of overtime wages for all overtime hours worked.

## JURISDICTION & VENUE

10. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA. 29 U.S.C. § 216(b).

11. This Court has general personal jurisdiction over TCL because TCL is a Colorado limited liability company.

12. Venue is proper because TCL is headquartered in Parker, Colorado, which is in this District. 28 U.S.C. § 1391(b)(1).

## PARTIES

13. Commissiong worked for TCL as a Certified Nursing Assistant (CNA) and Licensed Practical Nurse (LPN) in Parker, Colorado from approximately December 2015 until April 2021.

14. Throughout her employment, TCL classified Commissiong as non-exempt and paid her on an hourly basis.

15. Throughout her employment, TCL subjected Commissiong to its common practice of automatically deducting 30 minutes a day from her recorded work time for so-called "meal breaks."

16. But throughout her employment, Commissiong did not actually receive *bona fide* meal breaks.

17. Commissiong brings this collective action on behalf of herself and other similarly situated hourly, non-exempt TCL patient care employees who were subject to TCL's automatic meal break deduction policy.

18. TCL automatically deducts 30 minutes a day from these employees' recorded work time for so-called "meal breaks."

19. But these employees do not actually receive *bona fide* meal breaks.

20. Thus, TCL uniformly deprives these employees of overtime wages for all hours worked after 40 in a workweek in willful violation of the FLSA.

21. The putative collective of similarly situated employees is defined as:

> **All hourly, non-exempt TCL employees who received a meal period deduction at any time during the past 3 years ("Patient Care Workers").**

22. TCL is a Colorado limited liability company headquartered in Parker, Colorado

23. TCL may be served with process through its registered agent: **Monte Murdock, 3490 Centennial Boulevard, Colorado Springs, Colorado 80907**, or wherever they may be found.

## FLSA Coverage

24. At all relevant times, TCL was an "employer" within the meaning of Section 3(d) of the FLSA. 29 U.S.C. § 203(d).

25. At all relevant times, TCL was an "enterprise" within the meaning of Section 3(r) of the FLSA. 29 U.S.C. § 203(r).

26. At all relevant times, TCL was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because TCL, had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on good or materials—such as cellphones, computers, medical tools, and personal protective equipment—that have been moved in or produced for commerce.

27. At all relevant times, TCL has had an annual gross volume of sales made or business done of not less than $1,000,000 each year.

28. At all relevant times, Commissiong and the Patient Care Workers were TCL's "employees" within the meaning of Section 3(e) of the FLSA. 29 U.S.C. § 203(e).

29. At all relevant times, Commissiong and the Patient Care Workers were engaged in commerce or in the production of goods for commerce.

30. TCL uniformly deducted 30 minutes a day from Commissiong's and the Patient Care Workers' recorded work time for meal breaks, even when these employees did not actually receive *bona fide*, non-interrupted meal breaks.

31. TCL applied its illegal auto-deduction policy to its Patient Care Workers regardless of any alleged individualized factors, such as specific job title or precise geographic location.

32. As a result, TCL failed to pay Commissiong and the other Patient Care Workers wages (including overtime) for the compensable work they performed during their unpaid "meal breaks."

33. TCL's meal break deduction policy, therefore, violates the FLSA by depriving Commissiong and the Patient Care Workers of overtime wages for all hours worked after 40 in a workweek. 29 U.S.C. § 207(a) & (e).

## FACTS

34. TCL "serves patients needing physical rehabilitation and/or complex nursing care."[1]

35. To meet its business objectives, TCL hires employees, like Commissiong and the other Patient Care Workers, to work in its healthcare facility and provide rehabilitation and nursing care to its clients.

36. TCL uniformly classifies these employees (including Commissiong and the other Patient Care Workers) as non-exempt and pays them on an hourly basis.

---

[1] https://www.centeratlincoln.com/services/ (last visited October 27, 2023).

37. While exact job titles and precise job duties may differ, these patient care employees are subjected to the same or similar illegal pay practices for similar work.

38. For example, Commissiong worked for TCL as a CNA and LPN in Parker, Colorado from approximately December 2015 until April 2021.

39. As a CNA and LPN, Commissiong's primary responsibilities included providing direct patient care to TCL's clients, such as monitoring residents, checking vitals, charting residents' health histories and treatments, assisting with physical therapy, responding to emergencies, and generally assisting doctors and other patient care staff.

40. Throughout her employment, TCL classified Commissiong as non-exempt and paid her on an hourly basis.

41. Throughout her employment, TCL subjected Commissiong to its common practice of automatically deducting 30 minutes a day from her recorded work time for so-called "meal breaks."

42. But throughout her employment, Commissiong did not actually receive *bona fide* meal breaks.

43. Commissiong and the other Patient Care Workers perform their jobs under TCL's supervision and use materials, equipment, and technology TCL approves and supplies.

44. TCL requires Commissiong and its other Patient Care Workers to follow and abide by common work, time, pay, meal break, and overtime policies and procedures in the performance of their patient care jobs.

45. At the end of each pay period, Commissiong and the other Patient Care Workers receive wages from TCL that are determined by common systems and methods that TCL selects and controls.

46. TCL requires Commissiong and its other Patient Care Workers to record their hours worked using TCL's timeclock system.

47. Further, TCL subjects Commissiong and the other Patient Care Workers to a common policy and practice of automatically deducting time from their recorded hours worked for meal periods.

48. Specifically, TCL automatically deducts 30 minutes a day from Commissiong's and its other Patient Care Workers' recorded work time and wages for so-called "meal breaks."

49. TCL automatically deducts this time regardless of whether Commissiong and its other Patient Care Workers actually received full, uninterrupted, 30-minute meal breaks.

50. TCL simply assumes Commissiong and its other Patient Care Workers receive *bona fide* meal breaks each shift they work.

51. But Commissiong and the other Patient Care Workers do not actually receive *bona fide* meal breaks.

52. Instead, TCL requires Commissiong and its other Patient Care Workers to remain on-duty and perform compensable work throughout their shifts.

53. And TCL continuously subjects Commissiong and its other Patient Care Workers to work interruptions during their unpaid meal periods.

7

54. In fact, even when Commissiong and its other Patient Care Workers attempt to take a meal break, TCL requires them to stay on TCL's premises and carry their cellphones so TCL can immediately contact them at any time (including during their unpaid "meal breaks").

55. Because of these constant work interruptions, Commissiong and the other Patient Care Workers are not free to engage in personal activities during their unpaid meal periods.

56. Rather, during their unpaid "meal breaks," Commissiong and the other Patient Care Workers are necessarily forced to perform their regular patient care duties and responsibilities.

57. Thus, Commissiong and the other Patient Care Workers routinely spend their unpaid "meal breaks" performing work for TCL's—not these employees'—predominant benefit.

58. This unpaid time is compensable under the FLSA because TCL knew, or should have known, that (1) Commissiong and its other Patient Care Workers were performing unpaid work during their "meal breaks," (2) they were interrupted or subject to interruptions with work duties during any attempted meal period, (3) they were not completely relieved of all duties during their "meal breaks," (4) they entirely skipped the meal period due to work demands, (5) the meal period was less than 20 consecutive minutes, (6) they were not free to engage in personal activities during their meal periods because of constant work interruptions, (7) they remained on TCL's premises or under TCL's supervision, and/or (8) they spent their unpaid meal periods performing their

8

regular patient care duties for TCL's predominant benefit.

59. TCL fails to exercise its duty as Commissiong's and its other Patient Care Workers' employer to ensure these employees are not performing work that TCL does not want performed during their unpaid "meal breaks."

60. And TCL knows Commissiong and its other Patient Care Workers routinely perform work "off the clock" during their unpaid meal breaks because TCL expects and requires these employees to do so.

61. In fact, Commissiong and the other Patient Care Workers repeatedly complained to TCL's management, HR, and/or their supervisors about being forced to work during their unpaid "meal breaks."

62. Thus, TCL requested, suffered, permitted, or allowed Commissiong and its other Patient Care Workers to work during their unpaid "meal breaks."

63. Despite accepting the benefits, TCL does not pay Commissiong and its other Patient Care Workers for the compensable work they perform during their automatically deducted "meal breaks."

64. Thus, under TCL's uniform automatic meal break deduction policy, Commissiong and the other Patient Care Workers were, and are, denied overtime pay for those on-duty "meal breaks" during workweeks in which they worked more than 40 hours in willful violation of the FLSA.

65. Commissiong worked more than 40 hours in at least one workweek during the three years before this Complaint was filed.

66. For example, during the two-week pay period ending on March 27, 2021, Commissiong worked roughly 26 hours of overtime—not including the time she worked during her automatically deducted meal breaks (without pay).

67. Likewise, each Patient Care Worker worked more than 40 hours in at least one workweek during the three years before this Complaint was filed.

68. Indeed, Commissiong and the other Patient Care Workers work 12.5-hour shifts for at least 3 to 5 days each workweek (or 37.5 to 62.5+ hours a week).

69. And Commissiong and the other Patient Care Workers regularly are also required to work "off the clock" during their unpaid meal breaks to complete their patient care duties and responsibilities for TCL's predominate benefit.

70. As a result, Commissiong and the Patient Care Workers routinely work in excess of 40 hours in a typical workweek.

71. When Commissiong and the Patient Care Workers work more than 40 hours in a workweek, TCL does not pay them overtime wages for all overtime hours worked because TCL fails to include time these employees worked "off the clock" during their unpaid meal breaks in their total number of hours worked in a given workweek in willful violation of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

72. Commissiong incorporates all other paragraphs by reference.

73. Commissiong brings her claims as a collective action on behalf of herself and TCL's other Patient Care Workers.

74. The Patient Care Workers were uniformly victimized by TCL's automatic meal break deduction policy, which is in willful violation of the FLSA.

75. Other Patient Care Workers worked with Commissiong and indicated they were paid in the same manner, performed similar work, and were subject to TCL's same automatic meal break deduction policy.

76. Based on her experience with TCL, Commissiong is aware TCL's illegal practices were imposed on TCL's other Patient Care Workers.

77. Commissiong and the other Patient Care Workers are similarly situated in the most relevant respects.

78. Even if their precise job duties or locations might vary, these differences do not matter for the purposes of determining their entitlement to overtime.

79. Therefore, the specific job titles or precise locations of the various Patient Care Workers do not prevent collective treatment.

80. Rather, the putative collective is held together by TCL's uniform automatic meal break deduction policy, which systematically deprived Commissiong and the other Patient Care Workers of overtime wages for all hours worked after 40 in a workweek.

81. TCL's failure to pay overtime wages as required by the FLSA results from generally applicable, systematic policies and practices which are not dependent on the personal circumstances of the Patient Care Workers.

82. TCL's records reflect the number of hours its Patient Care Workers recorded they worked each week.

83. TCL's records also show that it automatically deducted 30 minutes a day from its Patient Care Workers' recorded work time for meal breaks.

84. The back wages owed to Commissiong and the other Patient Care Workers can therefore be calculated using the same formula applied to the same records.

85. Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to TCL's records, and there is no detraction from the common nucleus of liability facts.

86. Therefore, the issue of damages does not preclude collective treatment.

87. Commissiong's experiences are therefore typical of the experiences of the other Patient Care Workers.

88. Commissiong has no interest contrary to, or in conflict with, TCL's other Patient Care Workers.

89. Like each Patient Care Worker, Commissiong has an interest in obtaining the unpaid wages owed to them under federal law.

90. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

91. Absent this collective action, many Patient Care Workers likely will not obtain redress for their injuries, and TCL will reap the unjust benefits of wilfully violating the FLSA.

92. Further, even if some of the Patient Care Workers could afford individual litigation against TCL, it would be unduly burdensome to the judicial system.

93. Concentrating the litigation in one forum will promote judicial economy and consistency, as well as parity among the Patient Care Workers' claims.

94. Commissiong knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

95. As part of its regular business practices, TCL intentionally, willfully, and repeatedly violated the FLSA with respect to Commissiong and the other Patient Care Workers.

96. TCL's illegal meal break deduction policy deprived Commissiong and the other Patient Care Workers of overtime wages for all hours worked after 40 in a workweek, which they are owed under federal law.

97. There are many similarly situated Patient Care Workers who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

98. This notice should be sent to the Patient Care Workers pursuant to 29 U.S.C. § 216(b).

99. Those similarly situated employees are known to TCL, are readily identifiable, and can be located through TCL's business and personnel records.

### TCL's FLSA Violations Were Willful and/or Done in Reckless Disregard of the FLSA

100. Commissiong incorporates all other paragraphs by reference.

101. TCL knew it was subject to the FLSA's overtime provisions.

13

102. TCL knew the FLSA required it to pay non-exempt employees, including its Patient Care Workers, overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked after 40 in a workweek.

103. TCL knew its Patient Care Workers were non-exempt employees entitled to overtime pay.

104. TCL knew it paid its Patient Care Workers on an hourly basis.

105. TCL knew each Patient Care Worker worked over 40 hours in at least one workweek during the three years before this Complaint was filed because TCL required these employees to record their hours worked using its timeclock system.

106. TCL knew the FLSA required it to pay employees, including its Patient Care Workers, for all hours they performed compensable work.

107. TCL knew that, as the Patient Care Workers' employer, it had a duty to ensure these employees were not performing work "off the clock" (without pay) that TCL did not want performed.

108. TCL knew it failed to provide its Patient Care Workers with *bona fide*, uninterrupted meal breaks.

109. TCL knew its Patient Care Workers did not actually receive *bona fide*, uninterrupted meal breaks.

110. TCL knew its Patient Care Workers regularly worked during their unpaid meal breaks.

111. TCL knew it requested, suffered, permitted, or allowed its Patient Care Workers to work during their unpaid meal breaks (without pay).

112. TCL knew its Patient Care Workers regularly spent their unpaid meal breaks performing their regular patient care duties and responsibilities for TCL's predominant benefit.

113. Indeed, the Patient Care Workers complained to TCL's management, HR, and/or their supervisors about being forced to work during their unpaid meal breaks.

114. Thus, TCL knew, should have known, or recklessly disregarded the fact that the Patient Care Workers performed compensable work during their unpaid meal breaks.

115. Nonetheless, TCL automatically deducted 30 minutes a day from its Patient Care Workers' recorded work time (and wages) for meal breaks.

116. In other words, TCL knew, should have known, or recklessly disregarded the fact that it did not pay its Patient Care Workers for all the hours they performed compensable work.

117. TCL's decision to automatically deduct 30 minutes a day from its Patient Care Workers' recorded work time for meal breaks was neither reasonable, nor was the decision to automatically deduct 30 minutes a day from the Patient Care Workers' recorded work time for meal breaks made in good faith.

118. TCL's failure to pay its Patient Care Workers overtime wages for all overtime hours worked was neither reasonable, nor was the decision not to pay these employees overtime wages for all overtime hours worked made in good faith.

119. TCL knew, should have known, or recklessly disregarded whether the conduct described in this Complaint violated the FLSA.

120. TCL knowingly, willfully, and/or in reckless disregard carried out its illegal auto-deduction policy that systematically deprived Commissiong and the other Patient Care Workers of overtime wages for all hours worked after 40 in a workweek in violation of the FLSA.

## CAUSE OF ACTION
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

121. Commissiong incorporates all other paragraphs by reference.

122. Commissiong brings her FLSA claim on behalf of herself and TCL's other Patient Care Workers pursuant to 29 U.S.C. § 216(b).

123. TCL violated, and is violating, the FLSA by employing non-exempt employees (Commissiong and the other Patient Care Workers) in a covered enterprise for workweeks longer than 40 hours without paying such employees overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked after 40 in a workweek, including those hours worked during their unpaid meal breaks.

124. TCL's unlawful conduct harmed Commissiong and the other Patient Care Workers by depriving them of the overtime wages they are owed.

125. Accordingly, Commissiong and the other Patient Care Workers are entitled to recover their unpaid overtime wages under the FLSA in an amount equal to 1.5 times their regular rates of pay, plus an equal amount as liquidated damages, as well as attorney's fees and costs.

## JURY DEMAND

126. Commissiong demands a trial by jury.

**RELIEF SOUGHT**

Commissiong, individually and on behalf of the other Patient Care Workers, seeks the following relief:

    a.    An Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all Patient Care Workers with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

    b.    An Order pursuant to Section 16(b) of the FLSA finding TCL liable for unpaid overtime wages due to Commissiong and the other Patient Care Workers, plus liquidated damages in amount equal to their unpaid overtime wages;

    c.    Judgment awarding Commissiong and the other Patient Care Workers all unpaid wages, liquidated damages, and any other penalties available under the FLSA;

    d.    An Order awarding attorney's fees, costs, and expenses;

    e.    Pre- and post-judgment interest at the highest applicable rates; and

    f.    Such other and further relief as may be necessary and appropriate.

Dated: October 27, 2023.                    Respectfully submitted,

**JOSEPHSON DUNLAP LLP**

By: */s/ Michael A. Josephson*
        Michael A. Josephson
        Andrew W. Dunlap
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Phone: 713-352-1100
Fax: 713-352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com

Richard J. (Rex) Burch
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Phone: 713-877-8788
Fax: 713-877-8065
rburch@brucknerburch.com

William C. (Clif) Alexander*
Austin W. Anderson*
**ANDERSON ALEXANDER PLLC**
101 N. Shoreline Blvd., Suite 610
Corpus Christi, Texas 78401
Phone: 361-452-1279
Fax: 361-452-1284
clif@a2xlaw.com
austin@a2xlaw.com

*Pro hac vice applications forthcoming*

**ATTORNEYS FOR COMMISSIONG
& THE PATIENT CARE WORKERS**