IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-02834-PAB-KAS

CELINE COMMISSIONG, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

Plaintiff,

v.

THE CENTER AT LINCOLN, LLC,

Defendant.

## DEFENDANT THE CENTER AT LINCOLN'S ANSWER AND JURY DEMAND

Defendant The Center at Lincoln, LLC, through its attorneys, Andrew K. Lavin and Rose Zetzman of Gordon Rees Scully Mansukhani, LLP, responds to the Original Collective Action Complaint ("Complaint") and in support states:

1.      Paragraph 1 of the Complaint is a statement of intention, which does not require a response.  To the extent a response is required, Defendant denies the factual allegations asserted in this lawsuit.

2.      Defendant admits Plaintiff Commissiong worked at Defendant's facility.

3.      Defendant lacks sufficient information or knowledge to admit or deny the allegations set forth in Paragraph 3 of the Complaint and, therefore, denies the same.

4.      Defendant denies the allegations set forth in Paragraph 4 of the Complaint.

5.      Defendant admits it deducted 30-minute meal breaks a day from recorded work time, but Defendant denies the implication that it did not have a process to adjust recorded work time based on the actual time of meal breaks.

6.      Defendant admits it deducted 30-minute meal breaks a day from recorded work

time, but Defendant denies the implication that it did not have a process to adjust recorded work time based on the actual time of meal breaks.

7.    Defendant denies the allegations set forth in Paragraph 7 of the Complaint.

8.    Defendant denies the allegations set forth in Paragraph 8 of the Complaint.

9.    Paragraph 9 of the Complaint is a statement of law, which does not require a response.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 9 of the Complaint.

**JURISDICTION AND VENUE**

10.    Defendant does not dispute jurisdiction is proper.

11.    Defendant does not dispute this Court has personal jurisdiction.

12.    Defendant does not dispute that venue is proper.

13.    Defendant admits that Plaintiff Commissiong worked for Defendant from approximately December 2015 to April 2021.

14.    Defendant admits Plaintiff Commissiong was classified as non-exempt and paid based on an hourly rate.

15.    Defendant admits it deducted 30-minute meal breaks a day from recorded work time, but Defendant denies the implication that it did not have a process to adjust recorded work time based on the actual time of meal breaks.

16.    Defendant admits it deducted 30-minute meal breaks a day from recorded work time, but Defendant denies the implication that it did not have a process to adjust recorded work time based on the actual time of meal breaks.

17.    Paragraph 17 of the Complaint is a statement of intention, which does not require a response.

2

18.     Defendant admits it deducted 30-minute meal breaks a day from recorded work time, but Defendant denies the implication that it did not have a process to adjust recorded work time based on the actual time of meal breaks.

19.     Defendant admits it deducted 30-minute meal breaks a day from recorded work time, but Defendant denies the implication that it did not have a process to adjust recorded work time based on the actual time of meal breaks.

20.     Defendant denies the allegations set forth in Paragraph 20 of the Complaint.

21.     Paragraph 21 of the Complaint defines the collective, which is not an allegation and, thus, does not require a response. Defendant denies the putative collective is proper.

22.     Defendant admits it is based on Parker, Colorado and registered to do business in Colorado.

23.     Defendant admits Monte Murdock is its registered agent.

24.     Paragraph 24 of the Complaint is a statement of law, which does not require a response.  To the extent a response is required, Defendant generally considers itself an employer.

25.     Paragraph 25 of the Complaint is a statement of law, which does not require a response.   To the extent a response is required, Defendant lacks sufficient information or knowledge to admit or deny the allegations set forth in Paragraph 25 of the Complaint and, therefore, denies the same.

26.     Paragraph 26 of the Complaint is a statement of law, which does not require a response.  To the extent a response is required, Defendant admits it provides skilled nursing services.

27.     Defendant admits that it has had a gross volume of sales for a year over $1,000,000.

28.     Paragraph 28 of the Complaint is a statement of law, which does not require a

3

response.  To the extent a response is required, Defendant generally thinks Commissiong was an employee and notes paragraph 21 defined Patient Care Workers as employees.

29.     Paragraph 29 of the Complaint is a statement of law, which does not require a response.  To the extent a response is required, Defendant lacks sufficient information or knowledge to admit or deny the allegations set forth in Paragraph 29 and, therefore, denies the same.

30.     Defendant denies the allegations in Paragraph 30 of the Complaint.

31.     Defendant denies the allegations in Paragraph 31 of the Complaint.

32.     Defendant denies the allegations set forth in Paragraph 32 of the Complaint.

33.     Paragraph 33 of the Complaint is a statement of law, which does not require a response.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 33 of the Complaint.

34.     Defendant admits its website is self evident and incorporates it herein.

35.     Defendant admits it hires individuals to provide skilled nursing services.

36.     Defendant admits some of its employees are non-exempt and paid based on an hourly rate.

37.     Defendant denies the allegations set forth in Paragraph 37 of the Complaint.

38.     Defendant admits that Plaintiff Commissiong worked for Defendant from approximately December 2015 to April 2021.

39.     Defendant admits the job duties set forth in Paragraph 39 of the Complaint consisted of some of Plaintiff Commissiong's job duties.

40.     Defendant admits Plaintiff Commissiong was classified as non-exempt and paid at an hourly rate.

41.    Defendant admits it deducted 30-minute meal breaks a day from recorded work time, but Defendant denies the implication that it did not have a process to adjust recorded work time based on the actual time of meal breaks.

42.    Defendant denies the allegations set forth in Paragraph 42 of the Complaint.

43.    Defendant admits it supervised Plaintiff Commissiong's work and provided her supplies to perform her job duties.

44.    Defendant admits it required Plaintiff Commissiong and other workers to follow its policies and procedures.

45.    Defendant admits it paid Plaintiff Commission and other workers for work performed each pay period.

46.    Defendant admits its workers record their hours through its time clock system.

47.    Defendant admits it deducted 30-minute meal breaks a day from recorded work time, but Defendant denies the implication that it did not have a process to adjust recorded work time based on the actual time of meal breaks.

48.    Defendant admits it deducted 30-minute meal breaks a day from recorded work time, but Defendant denies the implication that it did not have a process to adjust recorded work time based on the actual time of meal breaks.

49.    Defendant admits it deducted 30-minute meal breaks a day from recorded work time, but Defendant denies the implication that it did not have a process to adjust recorded work time based on the actual time of meal breaks.

50.    Defendant admits it deducted 30-minute meal breaks a day from recorded work time, but Defendant denies the implication that it did not have a process to adjust recorded work time based on the actual time of meal breaks.

51.     Defendant denies the allegations set forth in Paragraph 51 of the Complaint.

52.     Defendant denies the allegations set forth in Paragraph 52 of the Complaint.

53.     Defendant denies the allegations set forth in Paragraph 52 of the Complaint.

54.     Defendant denies the allegations set forth in Paragraph 54 of the Complaint.

55.     Defendant denies the allegations set forth in Paragraph 55 of the Complaint.

56.     Defendant denies the allegations set forth in Paragraph 56 of the Complaint.

57.     Defendant denies the allegations set forth in Paragraph 57 of the Complaint.

58.     Paragraph 58 of the Complaint is a statement of law, which does not require a response.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 58 of the Complaint.

59.     Paragraph 59 of the Complaint is a statement of law, which does not require a response.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 59.

60.     Defendant denies the allegations set forth in Paragraph 60 of the Complaint.

61.     Defendant denies the allegations set forth in Paragraph 61 of the Complaint.

62.     Defendant denies the allegations set forth in Paragraph 62 of the Complaint.

63.     Defendant denies the allegations set forth in Paragraph 63 of the Complaint.

64.     Defendant denies the allegations set forth in Paragraph 64 of the Complaint.

65.     Defend admits, upon information and belief, that Commissiong worked more than 40 hours in at least one workweek during the three years before the Complaint was filed.

66.     Defendant lacks sufficient information or knowledge to admit or deny the allegations set forth in Paragraph 66 of the Complaint and, therefore, denies the same.

67.     Defendant, upon information and belief, denies the allegations set forth in

6

Paragraph 67 of the Complaint.

68.     Defendant, upon information and belief, denies the allegations set forth in Paragraph 68 of the Complaint

69.     Defendant denies the allegations set forth in Paragraph 69 of the Complaint.

70.     Defendant denies the allegations set forth in Paragraph 70 of the Complaint.

71.     Defendant denies the allegations set forth in Paragraph 71 of the Complaint.

## COLLECTIVE ACTION ALLEGATIONS

72.     Defendant incorporates all of its preceding responses as if fully stated herein.

73.     Paragraph 73 of the Complaint is a statement of intention, which does not require a response.

74.     Defendant denies the allegations set forth in Paragraph 74 of the Complaint.

75.     Defendant lacks sufficient information or knowledge to admit or deny the allegations set forth in Paragraph 75 of the Complaint and, therefore, denies the same.

76.     Defendant denies the allegations set forth in Paragraph 76 of the Complaint.

77.     Paragraph 77 of the Complaint is a statement of law, which does not require a response.   To the extent a response is required, Defendant lacks sufficient information or knowledge to admit or deny the allegations set forth in Paragraph 77 of the Complaint and, therefore, denies the same.

78.     Defendant lacks sufficient information or knowledge to admit or deny the allegations set forth in Paragraph 78 of the Complaint and, therefore, denies the same.

79.     Defendant lacks sufficient information or knowledge to admit or deny the allegations set forth in Paragraph 79 of the Complaint and, therefore, denies the same.

80.     Defendant lacks sufficient information or knowledge to admit or deny the

allegations set forth in Paragraph 80 of the Complaint and, therefore, denies the same.

81.    Defendant denies the allegations set forth in Paragraph 81 of the Complaint.

82.    Defendant admits its workers records reflect the hours they worked each week.

83.    Defendant admits it deducted 30-minute meal breaks a day from recorded work time absent adjustments based on workers' actual duration of meal breaks.

84.    Defendant denies the allegations set forth in Paragraph 84 of the Complaint.

85.    Defendant denies the allegations set forth in Paragraph 85 of the Complaint.

86.    Paragraph 86 of the Complaint is a statement of law, which does not require a response.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 86 of the Complaint.

87.    Paragraph 87 of the Complaint is a statement of law, which does not require a response.  To the extent a response is required, Defendant lacks sufficient information or knowledge to admit or deny the allegations set forth in Paragraph 87 of the Complaint and, therefore, denies the same.

88.    Defendant lacks sufficient information or knowledge to admit or deny the allegations set forth in Paragraph 88 of the Complaint and, therefore, denies the same.

89.    Defendant denies any wages are owed to Plaintiff Commissiong and other workers.

90.    Defendant lacks sufficient information or knowledge to admit or deny the allegations set forth in Paragraph 90 of the Complaint and, therefore, denies the same.

91.    Defendant denies the allegations set forth in Paragraph 91 of the Complaint.

92.    Defendant lacks sufficient information or knowledge to admit or deny the allegations set forth in Paragraph 92 of the Complaint and, therefore, denies the same.

93.    Defendant lacks sufficient information or knowledge to admit or deny the

8

allegations set forth in Paragraph 93 of the Complaint and, therefore, denies the same.

94.     Defendant lacks sufficient information or knowledge to admit or deny the allegations set forth in Paragraph 94 of the Complaint and, therefore, denies the same.

95.     Defendant denies the allegations set forth in Paragraph 95 of the Complaint.

96.     Defendant denies the allegations set forth in Paragraph 96 of the Complaint.

97.     Defendant denies the allegations set forth in Paragraph 97 of the Complaint.

98.     Paragraph 98 of the Complaint is a statement of law, which does not require a response.  To the extent a response is required, Defendant denies the Complaint attaches a notice.

99.     Defendant denies the allegations in Paragraph 99 of the Complaint.

100.     Defendant incorporates all of its preceding responses as if fully stated herein and denies the allegations set forth in the unnumbered paragraph between Paragraphs 99 and 100.

101.     Defendant, upon information and belief, admits it is subject to laws when applicable.

102.     Defendant, upon information and belief, admits it knew it should comply with applicable laws.

103.     Defendant, upon information and belief, admits it knew non-exempt employees were entitled to overtime pay when they worked overtime.

104.     Defendant admits it pays some of its workers on an hourly basis.

105.     Defendant, upon information and belief, denies the allegations in Paragraph 105.

106.     Defendant, upon information and belief, admits it knew to comply with laws when applicable.

107.     Paragraph 107 of the Complaint is a statement of law, which does not require a response.  To the extent a response is required, Defendant admits that workers were paid for their

time worked.

108.   Defendant denies the allegations set forth in Paragraph 108 of the Complaint.

109.   Defendant denies the allegations set forth in Paragraph 109 of the Complaint.

110.   Defendant denies the allegations set forth in Paragraph 110 of the Complaint.

111.   Defendant denies the allegations set forth in Paragraph 111 of the Complaint.

112.   Defendant denies the allegations set forth in Paragraph 112 of the Complaint.

113.   Defendant denies the allegations set forth in Paragraph 113 of the Complaint.

114.   Defendant denies the allegations set forth in Paragraph 113 of the Complaint.

115.   Defendant admits it deducted 30-minute meal breaks a day from recorded work time, but Defendant denies the implication that it did not have a process to adjust recorded work time based on the actual time of meal breaks.

116.   Defendant denies the allegations set forth in Paragraph 116 of the Complaint.

117.   Defendant denies the allegations set forth in Paragraph 117 of the Complaint.

118.   Defendant denies the allegations set forth in Paragraph 118 of the Complaint.

119.   Defendant denies the allegations set forth in Paragraph 119 of the Complaint.

120.   Defendant denies the allegations set forth in Paragraph 120 of the Complaint.

### CAUSE OF ACTION
**(Failure to Pay Overtime Wages under the FLSA)**

121.   Defendant incorporates all of its preceding responses as if fully stated herein.

122.   Paragraph 122 of the Complaint is a statement of intention, which does not require a response.

123.   Defendant denies the allegations set forth in Paragraph 123 of the Complaint.

124.   Defendant denies the allegations set forth in Paragraph 124 of the Complaint.

125.   Defendant denies the allegations set forth in Paragraph 125 of the Complaint.

10

## JURY DEMAND

126.    Defendant The Center at Lincoln demands a trial by jury.

127.    Defendant denies Plaintiff Commissiong and any other workers are entitled to the relief sought in the unnumbered paragraph and its subparts after Paragraph 126 of the Complaint.

## GENERAL DENIAL

128.    Defendant denies all allegations not specifically admitted herein.

## DEFENSES

1.    Plaintiff may have failed to state a claim on which relief may be granted.

2.    Plaintiff's claims for liquidated damages and/or statutory penalties are barred because Defendant did not commit any malicious, willful, or wanton act or authorize or ratify any such act toward Plaintiff. At all times, Defendant acted in good faith.

3.    Plaintiff fails to plead facts of willful or wanton conduct sufficient to support the recovery of liquidated and/or statutory penalties.

4.    Plaintiff's Complaint and claims asserted therein may not be properly maintained as a collective action under the Federal Labor Standards Act.

5.    Plaintiff and/or some of all of the putative collective action members may have waived their claims against Defendant or may be barred by the doctrines of consent, laches, unclean hands, and/or estoppel.

6.    Plaintiff's claims and the claims of the individuals she purposes to represent may be barred by the applicable statute of limitations.

7.    Plaintiff and the individual she purports to represent have been paid for their hours worked.

8.       Plaintiff's claims are barred to the extent she seeks to assert claims on behalf of other workers who are not similarly situated for the purposes of the applicable statutes with respect to the matters alleged in the Complaint.

9.       To the extent any amounts are found due and owing to Plaintiff, Defendant is entitled to offset equal to the amounts it overpaid Plaintiff, if any.

10.      To the extent any amounts are found due and owing to Plaintiff, any such violation is not willful.

11.      Defendant reserves the right to amend its Answer to assert additional defenses as grounds for such defenses are discovered during the course of litigation.

WHEREFORE, Defendant the Center at Lincoln requests that the Complaint be dismissed and that judgment be entered in Defendant's favor.  Defendant further requests an award of its attorneys' fees and costs to the full extent provided under the law.  Defendant requests such further relief as the Court deems just and proper.

DATED this the 2nd day of February 2024.

Respectfully submitted,

*/s/Andrew K. Lavin*
Andrew K. Lavin, Esq.
Rose Zetzman, Esq.
GORDON REES SCULLY MANSUKHANI, LLP
555 Seventeenth Street, Suite 3400
Denver, Colorado 80202
Telephone: (303) 534-5160
alavin@grsm.com
rzetzman@grsm.com
*Attorneys for Defendant The Lincoln Center, LLC*

12

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the above and foregoing was electronically filed with the Clerk of the United States District Court using the CM/ECF system which will send notification to all counsel of record and a copy was served via electronic counsel on William C. (Clif) Alexander, Esq. and Austin W. Anderson, Esq. at the email addresses listed below on this the 2nd day of February 2024.

*Counsel for Plaintiff*:

Michael A. Josephson
Andrew W. Dunlap
Oliva R. Beale
Josephson Dunlap LLC
11 Greenway Plaza, Suite 3050
Houston, TX 77046
mjosephson@mybackwages.com
adunlap@mybackwages.com
obeale@mybackwages.com

Richard J. (Rex) Burch
Bruckner Burch PLLC
11 Greenway Plaza, Suite 3025
Houston, TX 77046
rburch@brucknerburch.com

William C. (Clif) Alexander*
Austin W. Anderson*
Anderson Alexander PLLC
101 N. Shoreline Blvd., Suite 610
Corpus Christi, TX 78401
clif@a2xlaw.com
austin@a2xlaw.com
*Pro Hac Vice applications forthcoming

/s/Monica Vela
For Gordon Rees Scully Mansukhani, LLP

13