**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-cv-02834-KAS

CELINE COMMISSIONG, Individually and on Behalf of All Others Similarly Situated,

    Plaintiff,

v.

THE CENTER AT LINCOLN, LLC,

    Defendant.

---

**CIVIL SCHEDULING ORDER**

---

**1.  DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES**

    One or all of the following counsel will appear by telephone at the Court's Rule 16 Scheduling Conference on March 18, 2024, at 9:30 a.m. before Magistrate Judge Kathryn A. Starnella:

For Plaintiff Celine Commissiong ("Plaintiff"):

Michael A. Josephson
Texas Bar No. 24014780
Andrew W. Dunlap
Texas Bar No. 24078444
Olivia R. Beale
Texas Bar No. 24122166
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77005
Telephone: 713-352-1100
Facsimile: 713-352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com
obeale@mybackwages.com

Richard J. (Rex) Burch
Texas Bar No. 24001807
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025

Houston, Texas 77046
Telephone: 713-877-8788
Facsimile: 713-877-8065
rburch@brucknerburch.com

For The Center at Lincoln ("Defendant"):

Andrew K. Lavin, Esq.
Rose Zetzman, Esq.
**GORDON REES SCULLY MANSUKHANI, LLP**
555 Seventeenth Street, Suite 3400
Denver, Colorado 80202
Telephone: (303) 534-5160
alavin@grsm.com
rzetzman@grsm.com

**2.     STATEMENT OF JURISDICTION**

The Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA.

**3.     STATEMENT OF CLAIMS AND DEFENSES**

a.     Plaintiff's Statement of Claims and Defenses

Commissiong, and the putative class members, worked for The Center at Lincoln, LLC as a Patient Care Worker, but was not paid for all hours worked. Instead, the Center at Lincoln automatically deducted 30-minutes a day from Commissiong (and its other patient care workers) for a so-called meal break, despite Commissiong not actually receiving a bona fide meal break.

b.     Defendant's Statement of Claims and Defenses

The Center at Lincoln ("Defendant") denies the allegations set forth in the Complaint. It asserts that it is in compliance with the FLSA. Defendant followed reasonable procedures to assure accuracy of information related to its employee's time worked and otherwise made good faith efforts to comply with the FLSA. As such, Plaintiff was paid for any time she worked. Further, Plaintiff's claims may be barred by the statute of limitations as Defendant's alleged violations of the FLSA, if any, were not

willful. Therefore, Plaintiff may not be the proper individual to bring these claims on the behalf of others. Moreover, Plaintiffs and the putative collective action members are not entitled to recover liquidated damages. Defendant incorporates the defenses stated in its answer.

4. **UNDISPUTED FACTS**

   The following facts are undisputed:

   a. Commissiong was employed with the Center at Lincoln from 2015 to 2021.

   b. Commissiong was classified as non-exempt and was primarily paid on an hourly basis.

   c. Venue is proper in this District.

   d. For each of the three years preceding the filing date of this lawsuit, The Center at Lincoln has had gross volume of sales in excess of $500,000.

   e. Since at least three years prior to the filing date of this lawsuit, The Center at Lincoln has been an enterprise engaged in commerce.

   f. The Center at Lincoln is a Colorado limited liability company headquartered in Parker, Colorado.

5. **COMPUTATION OF DAMAGES**

   a. <u>Plaintiff:</u>  **Plaintiff to supplement computation of damages by April 12, 2024.**

   At this procedural stage, in the absence of the production by The Center at Lincoln of a full set of historical payroll and timekeeping records for Plaintiff and the putative collective members, Plaintiff is unable to fully calculate her damages or the damages of the putative collective members. Plaintiff agrees, however, to promptly supplement her response to include an initial estimate of her computation of damages upon receipt of payroll and timekeeping information from The Center at Lincoln. Plaintiff, individually and on behalf of all others she claims to be similarly situated, seeks the following categories of damages:

- An award of unpaid overtime wages due for all hours worked in excess of 40 hours in each week earned at the appropriate overtime rate calculated in accordance with the FLSA;

- An award of liquidated damages in an amount equal to the unpaid overtime wages; and

- Costs, expenses, and attorneys' fees.

  b. <u>Defendant</u>: Defendant denies the claimed damages and has not asserted a counter or crossclaim. However, Defendant reserves its right to seek recovery of attorney's fees and costs.

**6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)**

  **a. Date of Rule 26(f) meeting.**

Counsel for the Parties met and conferred on March 7, 2024.

  **b. Names of each participant and party he/she represented.**

Olivia R. Beale, Counsel for Plaintiff

Andrew K. Lavin and Rose Zetzman, Counsel for Defendant

  **c. Statement as to when Rule 26(a)(1) disclosures were made or will be made.**

Plaintiff made disclosures on February 19, 2024.

Defendant will make initial disclosures on ~~March 15, 2024~~ March 22, 2024.

  **d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

N/A.

  **e. Statement concerning any agreements to conduct informal discovery:**

No agreements have been made to conduct informal discovery.

  **f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

The parties agree to discuss the use of a unified exhibit numbering system.

      g.    **Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

Neither party expects the case to involve extensive electronically stored information. The parties agree that they will exchange discovery documents in PDF format, except that native format will be used for document types that are not conducive to converting to or viewing in PDF format (e.g., Microsoft Excel files). The parties agree to confer in good faith should a need arise for production in alternative formats for metadata reasons or otherwise.

      h.    **Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The Parties have agreed to engage in informal discussions in an effort to resolve the claims in the lawsuit as to Plaintiff and putative class members. To the extent a resolution cannot be reached through informal settlement discussions, the parties may also utilize the assistance of a mediator who has substantial experience and expertise in the FLSA.

**7.    CONSENT**

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

**8.    DISCOVERY LIMITATIONS**

      a.    **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

Any party may depose any party. Each side may conduct no more than ~~10~~ five fact depositions, and may serve no more than 25 interrogatories, pursuant to FED. R. CIV. P. 30(a)(2)(A) and FED. R. CIV. P. 33(a)(1), respectively.

The parties agree that any corporate deposition, no matter the number of designees,

will be considered one deposition.   ==7 hours for party or expert witnesses==

    **b.   Limitations which any party proposes on the length of depositions.**

The presumptive limits under FED. R. CIV. P. 30(d) shall apply to the length of party or expert depositions. Defendant requests ==4 hours for non-party fact depositions==, Plaintiff contends that depositions shall be conducted consistent with the time limitations of FED. R. CIV. P. 30.

    **c.   Limitations which any party proposes on the number of requests for production and/or requests for admission.**

Each side shall be limited to ==25 requests for production== and ==25 requests for admission.==

    **g.   Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions**

The parties agree to serve interrogatories, requests for production of documents, and requests for admission at least ==forty-five (45) days before the discovery deadline== in this case and in sufficient time so that any responses shall be due under the Federal Rules by the discovery deadline.

    **h.   Other Planning or Discovery Orders**

The parties agree to confer regarding a joint stipulated protective order and FRE 502(d) order, as necessary.

## 9. CASE PLAN AND SCHEDULE

Discovery in this matter will be bifurcated, with an initial discovery phase limited to issues regarding Plaintiffs' anticipated Motion for Court Authorized Notice. Following the Court's ruling on the Motion for Court Authorized Notice, the parties should propose a reasonable period of time for discovery on the merits, FLSA final certification, decertification (if applicable), and damages. At that time, the parties should provide the Court with a supplemental Scheduling Plan setting forth proposed deadlines for: (1) fact discovery; (2) expert discovery; (3) filing a decertification motion (if applicable); (4) filing any further motion by Plaintiffs related to FLSA notice or final certification; (5) dispositive

motions; and (6) pre-trial and trial dates.

The Parties agree the first phase of discovery will focus on issues relating to the conditional certification for the Motion for Court Authorized Notice. The Parties anticipate additional conferrals concerning the scope of that discovery.

==Plaintiff will file any Motion for Court Authorized Notice by June 28, 2024.==

    a.    **Deadline for Joinder of Parties and Amendment of Pleadings:**

45 days following the conclusion of the FLSA opt-in period, or in the event that no FLSA class is certified, thirty (30) days after the Court's decision on Plaintiff's Motion for Court Authorized Notice.

    b.    **Discovery Cut-off:**

Following the Court's ruling on the Motion for Court Authorized Notice, the parties should submit a supplemental Scheduling Plan within 14 days.

    c.    **Dispositive Motion Deadline:**

Following the Court's ruling on the Motion for Court Authorized Notice, the parties should submit a supplemental Scheduling Plan, including a dispositive motion deadline within 14 days.

    d.    **Expert Witness Disclosure:**

        1.    **The parties shall identify anticipated fields of expert testimony, if any.**

            The parties have not yet identified any expert witnesses who may provide opinions or testimony in this matter. The parties reserve the right to identify experts at a later date.

        2.    **Limitations which the parties propose on the use or number of expert witnesses.**

None at this time.

3. **The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:**

A deadline to designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) shall be set after resolution of Plaintiff's Motion for Court Authorized Notice.

4. **The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:**

A deadline to designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) shall be set after resolution of Plaintiff's Motion for Court Authorized Notice.

e. **Identification of Persons to Be Deposed:**

By Plaintiff:

Plaintiff anticipates taking the deposition of Defendant's corporate representative(s), Defendant's experts (if any), and Plaintiff's supervisors and/or managers.

By Defendant:

Defendant may take the deposition of Plaintiff and any additional depositions based upon the witnesses identified in Initial Disclosures or documents produced during discovery, as well as any disclosed expert witnesses.

## 10. DATES FOR FURTHER CONFERENCES

a. Status conferences will be held in this case at the following dates and times:

14 days following the end of the Court Authorized notice period.

      b.    A final pretrial conference will be held in this case 1 week before the final trial at o'clock 10 am m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

      a.    **Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

    None.

      b.    **Anticipated length of trial and whether trial is to the court or jury.**

The parties anticipate trial will take approximately 5 days if this case is conditionally certified. The foregoing estimated duration of trial may be impacted depending on the number of opt-in plaintiffs who join the case. A jury trial is appropriate only on the issues so triable.

      c.    **Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango, Colorado 81303-3439.**

    None at this time.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D. C. COLO. LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case. **& Mag. J. discovery dispute procedures.**

With respect to discovery disputes, parties must comply with D. C. COLO. LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

**13. AMENDMENTS TO SCHEDULING ORDER**

This scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this __18th__ day of __March__, 2024.

BY THE COURT:

_____
The Honorable Kathryn A. Starnella
United States Magistrate Judge

APPROVED:

/s/ Olivia Beale
Michael A. Josephson
Texas Bar No. 24014780
Andrew W. Dunlap
Texas Bar No. 24078444
Olivia R. Beale
Texas Bar No. 24122166
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Telephone: 713-352-1100
Facsimile: 713-352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com
obeale@mybackwages.com

Richard J. (Rex) Burch
Texas Bar No. 24001807
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Telephone: 713-877-8788
Facsimile: 713-877-8065
rburch@brucknerburch.com

William C. (Clif) Alexander*
Austin W. Anderson*
**ANDERSON ALEXANDER PLLC**
101 N. Shoreline Blvd., Suite 610
Corpus Christi, Texas 78401
Phone: 361-452-1279
Fax: 361-452-1284
clif@a2xlaw.com
austin@a2xlaw.com

*Attorneys for Plaintiff*

/s/ Rose Zetzman (w/ permissions)
Andrew K. Lavin, Esq.
Rose Zetzman, Esq.
**GORDON REES SCULLY MANSUKHANI, LLP**
555 Seventeenth Street, Suite 3400
Denver, Colorado 80202
Telephone: (303) 534-5160
alavin@grsm.com
rzetzman@grsm.com

*Attorneys for Defendant*