IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-02834-PAB-KAS

CELINE COMMISSIONG, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

Plaintiff,

v.

THE CENTER AT LINCOLN, LLC,

Defendant.

## DEFENDANT THE CENTER AT LINCOLN'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF CELINE COMMISSIONG'S FIRST SET OF DISCOVERY

Defendant The Center at Lincoln, LLC ("Defendant"), through its attorneys, Andrew K. Lavin and Rose Zetzman of Gordon Rees Scully Mansukhani, LLP, submits the this Motion for Extension of Time to Respond to Plaintiff Celine Commissiong's First Set of Discovery:

D.C.COLO.LCivR 7.1 Conferral: Counsel for Defendant The Center at Lincoln has conferred and this motion is unopposed. Originally the parties filed a stipulation, which has been stricken, so this motion is filed on the date of the order striking the stipulation. Consequently, undersigned acknowledges it is not filed three business days before the discovery responses were arguably due. *See* PAB Practice Standards, 1.G.

1. Plaintiff served her First Set of Discovery on February 16, 2024.

2. Pursuant to Fed.R.Civ.P 26(d), "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)". Fed.R.Civ.P 26(d)(1).

3. The Parties had their Fed.R.Civ.P 26(f) conference on March 7, 2024 [Doc. 33, p. 4].

4. As such, Plaintiff's First Set of Discovery is premature. Thirty days from March 7, 2024 is April 6, 2024, which is a Saturday, so if discovery had been served on the date of the Rule 26(f), responses would not have been due until April 8, 2024. The requested extension is earlier than that date and saves resources associated with a motion to strike and requiring re-service. *See generally* Fed. R. Civ. P. 1.

5. Beyond the premature issue, Defendant has worked to gather responsive documentation, including relevant payroll records for Plaintiff, to assist with responding to Plaintiff's First Set of Discovery. Defendant cannot adequately respond to Plaintiff's discovery requests without the records. Defendant's payroll records were housed by a third-party vendor. Defendant has worked to obtain these records from the third-party vendor but has experienced unanticipated issues with the third-party vendor related to extraction. Defendant is in the process of providing those records to undersigned so that responses to discovery can be generated.

6. Defendant's deadline to respond to Plaintiff's First Set of Discovery was March 18, 2024. The Parties filed a stipulation to extend that deadline two weeks. [Doc. 39.] The Court struck that stipulation because a prior stipulation had been filed on the Answer. [Doc. 40.] Undersigned misunderstood the Local Rule but given the discovery was prematurely served, responses are technically not due and this motion is timely.

7. Fed.R.Civ.P. 6(b) govern requests for an extension of time. Under Rule 6(b), the court may, for good cause, extend the time to move if a request is made before the original time period expires. Fed.R.Civ.P. 6(b). Defendant filed the stipulation before the expiration of the period originally prescribed (to the extent premature discovery creates a deadline) and is now curing the deficiencies with the stipulation on the date Defendant was notified the stipulation was stricken.

8. Defendant has not requested prior extensions for responding to Plaintiff's First Set of Discovery other than the stipulation, which was stricken.

9. This extension will not prejudice any of the parties demonstrated by the fact it is not opposed.

10. Defendant requests a 14-day extension of time to respond to Plaintiff's First Set of Discovery up to and including April 1, 2024.

DATED this the 20th day of March 2024.

Respectfully submitted,

*/s/Andrew K. Lavin*
Andrew K. Lavin, Esq.
Rose Zetzman, Esq.
GORDON REES SCULLY MANSUKHANI, LLP
555 Seventeenth Street, Suite 3400
Denver, Colorado 80202
Telephone: (303) 534-5160
alavin@grsm.com
rzetzman@grsm.com
*Attorneys for Defendant The Lincoln Center, LLC*

3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the above and foregoing was served via electronic service on this the 20th day of March 2024.

*Counsel for Plaintiff*:

Michael A. Josephson
Andrew W. Dunlap
Oliva R. Beale
Josephson Dunlap LLC
11 Greenway Plaza, Suite 3050
Houston, TX 77046
mjosephson@mybackwages.com
adunlap@mybackwages.com
obeale@mybackwages.com

Richard J. (Rex) Burch
Bruckner Burch PLLC
11 Greenway Plaza, Suite 3025
Houston, TX 77046
rburch@brucknerburch.com

William C. (Clif) Alexander*
Austin W. Anderson*
Anderson Alexander PLLC
101 N. Shoreline Blvd., Suite 610
Corpus Christi, TX 78401
clif@a2xlaw.com
austin@a2xlaw.com
*Pro Hac Vice applications forthcoming

                                                       */s/Monica L. Vela*
                                                       For Gordon Rees Scully Mansukhani, LLP