IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-02834-PAB-KAS

CELINE COMMISSIONG, Individually and for Others Similarly Situated,

    Plaintiff,

v.

THE CENTER AT LINCOLN, LLC,

    Defendant.

---

**COMMISSIONG'S MOTION FOR LEAVE TO AMEND**

---

**Michael A. Josephson**
Texas State Bar No. 24014780
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100
Fax: (713) 352-3300
mjosephson@mybackwages.com

**Richard J. (Rex) Burch**
Texas Bar No. 24001807
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Tel: (713) 877-8788
Fax: (713) 877-8065
rburch@brucknerburch.com

**ATTORNEYS FOR PLAINTIFF AND THE PUTATIVE CLASS MEMBERS**

i

**A.    SUMMARY.**

Plaintiff Celine Commissiong (Commissiong) timely moves for leave to amend her Complaint (Doc. 1) to add additional wage and hour claims against Defendant The Center at Lincoln, LLC (TCL) under Federal Rule of Civil Procedure 15.

Commissiong alleges TCL's auto-deduction policy violated the Fair Labor Standards Act (FLSA) by failing to pay Commissiong and other similarly situated Patient Care Workers overtime for all hours worked. *See* Doc. 1. After reviewing payroll and time records recently produced by TCL, Commissiong learned TCL also: (1) failed to include certain remuneration and bonuses in the calculation of the regular rate of pay for purposes of calculating overtime; and (2) violated the Colorado Wage Claim Act (CWCA), the Colorado Minimum Wage Act (CMWA), and the Colorado Overtime and Minimum Pay Standards Orders (COMPS Order) by failing to pay all earned wages for all hours worked, including overtime wages for hours worked in excess of 40 hours in a week calculated at the correct overtime rate based on all remuneration received.

Commissiong thus seeks leave to amend to add allegations relating to TCL's regular rate violations and to add claims under Colorado wage and hour laws. Denying leave to amend is only justified upon a showing of undue prejudice, undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). None of those exceptions apply here, so leave to amend should be granted.

1

**B.     FACTUAL BACKGROUND.**

On October 27, 2023, Commissiong brought this collective action under the FLSA against TCL alleging its auto-deduction policy deprived Commissiong and other Patient Care Workers of overtime pay. *See* Doc. 1. Commissiong successfully served TCL on December 1, 2023. *See* Doc. 6. TCL filed its Answer on February 2, 2024. *See* Doc. 31.

The Court held a scheduling conference on March 18, 2024. *See* Doc. 37. Thereafter, the Court entered a Scheduling Order setting the Parties' deadline to amend their pleadings for "45 days following the conclusion of the FLSA opt-in period, or in the event that no FLSA class is certified, thirty (30) days after the Court's decision on Plaintiff's Motion for Court Authorized Notice." *See* Doc. 38 at 7. Commissiong's deadline to move for conditional certification is June 28, 2024. *Id.*

Following the Court's scheduling conference, TCL produced Commissiong's payroll and time records for the relevant period. After reviewing TCL's production, Commissiong determined TCL failed to include certain remuneration and bonuses (including COVID pay, "SD LPN" pay, and shift incentive bonuses) in the calculation of the regular rate for purposes of calculating overtime. Commissiong now seeks leave to amend her Complaint to include allegations relating to TCL's regular rate violations, in addition to alleging TCL's auto-deduction and regular rate practices violate Colorado wage laws. *See* Exhibit 1, Commissiong's Proposed First Amended Complaint.

2

C.     ARGUMENT & AUTHORITY.

The Court should grant Commissiong leave to amend. Because the deadline for the Parties to amend their pleadings has not passed, Commissioning moves for leave to amend her Complaint under Federal Rule of Civil Procedure 15. *See Sanchez v. Pinnacle Credit Servs., LLC*, 195 F. Supp. 3d 1184, 1190 (D. Colo. 2016) (Brimmer, J.) (noting Federal Rule of Civil Procedure 16, and not Rule 15, applies when the deadline for amending the pleadings in the scheduling order has passed); *Sparks v. Duncan Race Cars, Inc.*, Civ. A. No. 14-cv-00447-PAB-KLM, 2014 WL 7403382, at *5 (D. Colo. Dec. 29, 2014) (Brimmer, J.) (request to file an amended complaint was timely where the motion for leave was filed before the scheduling order's amendment deadline).

Federal Rule of Civil Procedure 15(a)(2) provides courts "should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). Denying leave to amend is generally only justified if the proposed amendments are unduly delayed, unduly prejudicial, futile, or sought in bad faith. *Foman*, 371 U.S. at 182; *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009). "The party contesting the motion to amend has the burden of proving that the amendment should be refused on one of these bases." *Openwater Safety IV, LLC v. Great Lakes Ins. SE*, 435 F. Supp. 3d 1142, 1151 (D. Colo. 2020); *Corp. Stock Transfer, Inc. v. AE Biofuels, Inc.*, 663 F. Supp. 2d 1056, 1061 (D. Colo. 2009); *Fluker v. Fed. Bureau of Prisons*, No. 07–cv–02426–CMA–CBS, 2009 WL 1065986, at *4 (D. Colo. Apr. 21, 2009); *see also Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) ("As a general rule, the Court retains the discretion to permit such amendments.").

"Indeed, Rule 15(a)'s purpose is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Warnick v. Cooley*, 895 F.3d 746, 754-55 (10th Cir. 2018). The Court must delineate its rationale if it refuses to grant leave to amend under this lenient standard. *Federal Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987). The Tenth Circuit has concluded that the timeliness of the amendment and the prejudice to a defendant are the crux of the inquiry. *Minter*, 451 F.3d at 1204 (plaintiff's amendment was still timely when done over six months after disclosures by defendants).

### 1. TCL Cannot Show Commissiong's Proposed Amendments Are Unduly Prejudicial.

The most important factor in deciding a Rule 15(a)(2) motion is whether amending would unduly prejudice the opposing party. *Id.* at 1207–08; *see also Evans v. McDonald's Corp.*, 936 F.2d 1087, 1090–91 (10th Cir. 1991) ("As a general rule, a plaintiff should not be prevented from pursuing a valid claim . . . provided always that a late shift in the thrust of the case will not prejudice the other party in maintaining his defense upon the merits."). The Tenth Circuit has found prejudice arises when an amendment will unfairly impact a defendant's defense to the amendment. *See Minter*, 451 F.3d at 1208. This often occurs when the amended claims stem from a different subject matter than what was included in the original complaint and raise significant new factual issues. *Id.*; *Hom v. Squire*, 81 F.3d 969, 973 (10th Cir. 1996) (finding prejudicial a motion "to add an entirely new and different claim to [the plaintiff's] suit little more than two months before trial") *cf. Gillette v. Tansy*, 17 F.3d 308, 313 (10th Cir. 1994) (finding no evidence of prejudice when the "Petitioner's [amended] claims track the factual

4

Case No. 1:23-cv-02834-PAB-KAS   Document 47   filed 05/13/24   USDC Colorado
pg 6 of 13

situations set forth in his [original] claims"), *Childers v. Indep. Sch. Dist. No. 1*, 676 F.2d 1338, 1343 (10th Cir. 1982) (ruling that the district court's refusal to allow an amendment was "particularly egregious in this case because the subject matter of the amendment was already alleged in the complaint"), *and R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751–52 (10th Cir. 1975) (finding no prejudice when "[t]he amendments did not propose substantially different issues").

This case is in its infancy, and this is the first proposed amendment to Commissiong's complaint. The Court conducted its Scheduling Conference and entered its Scheduling Order on March 18, 2024. *See* Docs. 37–38. Importantly, Commissiong's proposed amendments do not bring substantially different issues into the fray. The proposed amendments generally relate to the same subject matter and track the same factual situation already alleged—that TCL failed to pay Commissiong and other similarly situated workers for all hours worked at the appropriate rate of pay during the relevant period. Moreover, discovery in this matter is bifurcated with an initial discovery phase relating to issues involving certification and, later, a second discovery phase relating to the merits of the Parties' claims and defenses. *See* Doc. 38 at 6. So, there is ample time for the Parties to investigate the scope and veracity of Commissioning's proposed additional claims and TCL cannot show that it will be prejudiced by granting Commissioning leave to amend. *See Minter*, 451 F.3d at 1208; *R.E.B., Inc.*, 525 F.2d at 751–52.

### 2. TCL Cannot Show Commissiong's Proposed Amendments Are Unduly Delayed.

Delay is only "undue" if it will place an unwarranted burden on the Court or will become prejudicial to the opposing party. *Minter*, 451 F.3d at 1205. The Tenth Circuit "focuses primarily on the reason for the delay." *Id.* Commissiong did not unduly delay moving for leave to amend her Complaint. TCL filed its Answer on February 2, 2024. *See* Doc. 31. On March 22, 2024, TCL served Commissiong with its Initial Disclosures Pursuant to Federal Rule of Civil Procedure 26(a)(1) and attached payroll and time records relating to Commissiong's work for TCL. Only after reviewing those records did Commissiong determine TCL failed to include certain remuneration and bonuses in the calculation of the regular rate for purposes of calculating overtime and that its auto-deduction and regular rate practices violated Colorado wage laws in addition to the FLSA. Commissiong reached out to TCL about amending her Complaint in mid-April 2024, and TCL notified Commissiong of its intent to oppose the motion May 1, 2024. Moreover, Commissiong's deadline to move for conditional certification is June 28, 2024, and her deadline to move to amend her Complaint is not until 45 days later. *See* Doc. 38 at 7.

Because Commissiong seeks to amend based on recently disclosed information and the case is in the early stages of litigation, her proposed amendments are not unduly delayed. *See DTC Energy Grp., Inc. v. Hirschfeld*, No. 17-cv-01718-PAB-KLM, 2018 WL 5801339, at *5–6 (D. Colo. Nov. 6, 2018) (Brimmer, J.) (plaintiff did not unduly delay in seeking leave to file a second amended complaint where case was still in early stages of proceedings and where plaintiff offered explanation for amendments); *see*

6

*also Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 669 (D. Colo. 2001) (no undue delay where recently disclosed information formed basis for additional claims, even when filed after amendment deadline passed, where no trial date had been set); *Stienmier v. Schofield*, No. 09-cv-1260, 2010 WL 56100, at *1 (D. Colo. Jan. 5, 2010) (no undue delay where amended complaint filed a month prior to the amendment deadline and the case was "in the early stages of litigation").

### 3. TCL Cannot Show Commissiong's Proposed Amendments Are Futile.

Commissioning's proposed amendments seeking to add claims relating to regular rate violations and violations of Colorado wages laws are not futile.

An amendment is futile only if it would not survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Innovatier, Inc. v. CardXX, Inc.*, No. 08–cv–00273–PAB–KLM, 2010 WL 148285, at *2 (D. Colo. Jan.8, 2010) (Brimmer, J.) (citing *Bradley v. Val–Mejias,* 379 F.3d 892, 901 (10th Cir. 2004)); *see also Jefferson Cty. Sch. Dist. No. R-1 v. Moody's Inv'rs Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999). A complaint is not subject to dismissal when it "states a claim for relief that is plausible on its face," namely, when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A valid complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Smith v.*

7

*U.S.*, 561 F.3d 1090, 1098 (10th Cir. 2009) (courts must accept all well-pled factual allegations as true and view those allegations in the light most favorable to the non-movant).

The issue is not whether Commissiong will ultimately prevail, but whether she is entitled to offer evidence to support her claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Beedle v. Wilson*, 442 1059, 1063 (10th Cir. 2005). The plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556-57). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

To meet the plausibility standard and survive dismissal under the FLSA (and thus any futility argument), Commissiong only needed to plausibly allege: (1) she was an "employee," as defined by the FLSA; (2) TLC was "engaged in commerce," as defined by the FLSA; and (3) she was not paid proper compensation for hours worked over 40 in a week. *Kenney v. Helix TCS, Inc.*, 939 F.3d 1106, 1109 (10th Cir. 2019), *cert. denied*, 141 S. Ct. 241 (2020).[1]

Similarly, Colorado wage laws require only that Commissiong plausibly allege: (1) she was an employee within the meaning of the CWCA, CMWA, and COMPS Order; (2) TCL was subject to the CWCA, CMWA, and COMPS Order because TCL was an

---

[1] *See also Rayfield v. Sandbox Logistics, LLC*, 217 F. Supp. 3d 1299, 1300 (D. Colo. 2016); *Pogue v. Chisholm Energy Operating, LLC*, No. 2:20-cv-00580-KWR-KK, 2021 WL 979726, at *3 (D. N.M. Mar. 16, 2021); *McDonald v. Kellogg Co.*, No. 08-2473-JWL, 2009 WL 1125830, at *2 (D. Kan. April 27, 2009).

8

"employer," as defined by the CWCA, CMWA, and COMPS Order; (3) TCL failed to pay Commissioning, a non-exempt employee, overtime wages at rates not less than 1.5 times her regular rate of pay based on all remuneration received for all hours worked over 12 in a workday and 40 in a workweek in violation of the CWCA and COMPS Order; (4) TCL failed to pay Commissioning all wages earned, due, and owing on her regular payday and following termination of her employment in violation of the CWCA and COMPS Order; and (5) TCL failed to pay Commissiong the minimum hourly wage for all hours worked in violation of the CMWA and COMPS Order. *See* C.C.R. 1103-1(4.1.1); C.R.S. §§ 8-4-103(1)(a); 8-4-109(1); 8-4-110.

Commissiong's proposed amended complaint does this and more. *See* Ex. 1.

### 4. TCL Cannot Show Evidence of Bad Faith by Commissiong.

The Tenth Circuit has not yet defined "bad faith" under Rule 15. *See Crocs, Inc. v. Joybees, Inc.*, No. 21-cv-02859-GPG-SBP, 2023 WL 8851822, at *6 (D. Colo. Oct. 6, 2023). "Bad faith could include some indication of an intentional advancement of a baseless contention that is made for an ulterior purpose, e.g., harassment or delay." *Estate of Roemer v. Shoaga*, No. 14-CV-01655-PAB-NYW, 2017 WL 1190558, at *4 (D. Colo. Mar. 31, 2017) (Brimmer, J.) (internal quotations omitted) (quoting *Tenorio v. San Miguel Cty. Det. Ctr.*, 1:15-cv-00349-LF-WPL, 2016 WL 9819588, at *4 (D.N.M. Aug. 11, 2016)); *see also Corporate Stock Transfer, Inc. v. AE Biofuels, Inc.*, 663 F. Supp. 2d 1056, 1061 (D. Colo. 2009) (bad faith exists where charges are brought "recklessly or with indifference to the law, as well as by acting in the teeth of what [counsel] knows to be the law."). Bad faith can also be inferred if the proposed amendment directly

9

contradicts allegations made in the original pleading such that the original and amended factual accounts cannot be reconciled. *See Ayon v. Gourley*, 185 F.3d 873, 1999 WL 516088, at *3 (10th Cir. June 25, 1999); *First Am. Mortg., Inc. v. First Home Builders of Fla.*, No. 10–cv–00824–REB–MEH, 2010 WL 5230902, at *6 (D. Colo. Dec. 15, 2010) (discussing bad faith in conjunction with Rule 15 within the Tenth Circuit); *Two Moms and a Toy, LLC v. Int'l Playthings, LLC*, No. 10–cv–02271–PAB–BNB, 2011 WL 5593178, at *3 (D. Colo. Nov. 17, 2011) (Brimmer, J.).

Here, the factual accounts in the Complaint and the proposed First Amended Complaint are essentially identical and simply add facts relating to non-discretionary TCL bonuses paid to Commissiong. *See* Doc. 1 *cf.* Ex. 1; *Colo. C.R. Comm'n v. 1950 Logan Condominiums Condo. Ass'n*, No. 13-cv-02583-PAB-MJW, 2013 WL 6858703, at *1 (D. Colo. Dec. 30, 2013) (Brimmer, J.) (refusing to infer bad faith where factual accounts between complaints were similar and where plaintiff's purpose remained consistent and proper). Nor can it be said Commissioning's proposed amendments are made for an improper purpose. *See Ayon*, 1999 WL 516088, at *3 (finding bad faith where plaintiff moved to amend to avoid allegations and admissions made in prior complaint that were unfavorable to plaintiff). Commissiong does not seek to avoid any aspect of her original Complaint; instead, she remains steadfast in her allegations that she has been denied her full wages based on the same work alleged in her original complaint and is only adding claims to ensure full recovery of her unpaid wages. *Foman*, 371 U.S. at 182 ("[i]f the underlying facts or circumstances relied upon by a [claimant] may be a proper subject of relief, he ought to be afforded an opportunity to

10

test his claim in the merits."); *Shoaga*, 2017 WL 1190558, at *4; *Colo. C.R. Comm'n*, 2013 WL 6858703, at *1.

Commissiong's only motive is to obtain a decision on the merits of all her possible claims on these facts and by moving to amend at this early juncture TCL has a fair opportunity to develop its defenses later through discovery. *See Crocs, Inc.*, 2023 WL 8851822, at *6 (considering bad faith and looking to Rule 11 for examples of improper purposes such as unnecessary delay, harassment, or needless increase of litigation costs).

**C.   CONCLUSION.**

For the reasons stated herein, Commissiong respectfully requests the Court grant her Motion for Leave to Amend.

    Respectfully submitted,

    **JOSEPHSON DUNLAP LLP**

    By: */s/ Michael A. Josephson*
        Michael A. Josephson
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    Phone: 713-352-1100
    Fax: 713-352-3300
    mjosephson@mybackwages.com
    adunlap@mybackwages.com

    Richard J. (Rex) Burch
    **BRUCKNER BURCH PLLC**
    11 Greenway Plaza, Suite 3025
    Houston, Texas 77046
    Phone: 713-877-8788
    Fax: 713-877-8065
    rburch@brucknerburch.com

    **ATTORNEYS FOR COMMISSIONG**

**CERTIFICATE OF SERVICE**

I served this document via the Court's ECF System in accordance with the Federal Rules of Civil Procedure.

*/s/ Michael A. Josephson*
**Michael A. Josephson**

**CERTIFICATE OF CONFERENCE**

I hereby certify that Counsel for Commissiong conferred with Counsel for The Center at Lincoln via Zoom conference concerning the relief sought herein and that Counsel for The Center at Lincoln indicated it was opposed to the same.

*/s/ Michael A. Josephson*
**Michael A. Josephson**

12