**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-cv-02834-PAB-KAS

CELINE COMMISSIONG, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

Plaintiff,

v.

THE CENTER AT LINCOLN, LLC,

Defendant.

---

### DEFENDANT'S RESPONSE NOTING LACK OF OPPOSITION TO THE MOTION FOR LEAVE TO AMEND [DOC. 47]

---

Defendant The Center at Lincoln, LLC, through its attorneys, Gordon Rees Scully Mansukhani, LLP, respectfully submits this Response noting its lack of opposition to Plaintiff's Motion for Leave to Amend [Doc. 47].

Upon review of the proposed amendment, Defendant initially considered opposing the Motion based on futility.[1] However, courts in this District have historically been averse to denying motion to amend based on futility when it could be more fully addressed in a subsequent motion to dismiss. *See Graham v. United States*, 2023 WL 3481399 at *1 (D. Colo. May 16, 2023) ("If a case presents a complex issue of law, the better course is to liberally allow amendments that state a colorable claim and defer judgment as to whether they survive a motion to dismiss for failure to

---

[1] While considering timeliness, Plaintiff indicates she is seeking to amend because she received payroll records through disclosures. Defendant notes it provided Plaintiff payroll records throughout her employment and that Plaintiff referenced such in her original complaint. However, Defendant agrees this case is relatively young and it does not oppose on timeliness. This is an employee who moved to amend over three years after she was last employed with Defendant.

state a claim until such time when the motion is raised") (internal quotes omitted); *Gen. Steel Domestic Sales, LLC v. Steelwise, LLC*, 2008 WL 2520423 at *4 (D. Colo. June 20, 2008) (noting that a futility argument raised in a motion to amend may "place the cart before the horse"); *see also Cooper v. Colorado Dep't of Corrections*, 2022 WL 2063229 at *6 (D. Colo. June 8, 2022) (noting this approach is often used when the motion to amend is before a judicial officer sitting in a referral capacity). [2]

Based on precedent in this District and the fact that some of the amendments merely concerned broadening the previously asserted FLSA claim, Defendant reserves the right to raise issues with the substance of the First Amended Class and Collective Action Complaint in a Motion to Dismiss. At this point, it does not oppose the Motion to Amend but provides notice of its future intent to file a dispositive motion once leave to amend is granted.

DATED this the 3rd day of June 2024.

Respectfully submitted,

*/s/Andrew K. Lavin*
Andrew K. Lavin, Esq.
Rose Zetzman, Esq.
GORDON REES SCULLY MANSUKHANI, LLP
555 Seventeenth Street, Suite 3400
Denver, Colorado 80202
Telephone: (303) 534-5160
alavin@grsm.com
rzetzman@grsm.com
*Attorneys for Defendant The Lincoln Center, LLC*

---

[2] This Motion was referred to Magistrate Judge Starnella on May 13, 2024. [Doc. 48.]

2

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the above and foregoing was electronically filed with the Clerk of the United States District Court using the CM/ECF system which will send notification to all counsel of record and a copy was served via electronic counsel on William C. (Clif) Alexander, Esq. and Austin W. Anderson, Esq. at the email addresses listed below on this the 3rd day of June 2024.

*Counsel for Plaintiff*:

Michael A. Josephson
Andrew W. Dunlap
Oliva R. Beale
Josephson Dunlap LLC
11 Greenway Plaza, Suite 3050
Houston, TX 77046
mjosephson@mybackwages.com
adunlap@mybackwages.com
obeale@mybackwages.com

Richard J. (Rex) Burch
Bruckner Burch PLLC
11 Greenway Plaza, Suite 3025
Houston, TX 77046
rburch@brucknerburch.com

William C. (Clif) Alexander*
Austin W. Anderson*
Anderson Alexander PLLC
101 N. Shoreline Blvd., Suite 610
Corpus Christi, TX 78401
clif@a2xlaw.com
austin@a2xlaw.com
*Pro Hac Vice applications forthcoming

                                           */s/Monica L. Vela*
                                           For Gordon Rees Scully Mansukhani, LLP