EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action No. 1:23-cv-02834-PAB-KAS**

**CELINE COMMISSIONG, Individually and for Others Similarly Situated,**

    **Plaintiff,**

**v.**

**THE CENTER AT LINCOLN, LLC,**

    **Defendant.**

---

**FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT**

---

### SUMMARY

1.　Celine Commissiong ("Commissiong") brings this class and collective action to recover unpaid overtime wages and other damages from The Center at Lincoln, LLC ("TCL").

2.　Commissiong worked for TCL as one of its Patient Care Workers (defined below) in Parker, Colorado.

3.　Like TCL's other Patient Care Workers, Commissiong regularly worked more than 40 hours a week.

4.　But TCL did not pay them for all their hours worked.

5.　Instead, TCL automatically deducted 30 minutes a day from Commissiong and its other Patient Care Workers' recorded work time for so-called "meal breaks."

6.     Commissiong and the other Patient Care Workers were thus not paid for that time.

7.     But Commissiong and the other Patient Care Workers did not actually receive *bona fide* meal breaks.

8.     Instead, TCL required Commissiong and its other Patient Care Workers to remain on-duty and perform compensable work throughout their shifts, and TCL continuously subjected them to work interruptions during their unpaid "meal breaks."

9.     TCL's auto-deduction policy violates the Fair Labor Standards Act ("FLSA"), Colorado Wage Claim Act ("CWCA"), the Colorado Minimum Wage Act ("CMWA"), and the Colorado Overtime and Minimum Pay Standards Orders ("COMPS Order"), by depriving Commissiong and TCL's other Patient Care Workers of wages for all hours worked, including overtime wages.

10.     In addition to depriving Commissiong and its other Patient Care Workers of pay for their time worked "off the clock," TCL also failed to pay these workers overtime wages at the proper premium rate.

11.     Specifically, TCL paid Commissiong and its other Patient Care Workers Covid pay, "SD LPN" pay, and non-discretionary shift incentive bonuses, which TCL intentionally excluded from the calculation of these workers' regular rates of pay for the purposes of calculating overtime.

### JURISDICTION & VENUE

12.     This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA. 29 U.S.C. § 216(b).

13.    This Court also has supplemental jurisdiction of the state-law subclass claims because these claims arise from a common nucleus of operative facts. 28 U.S.C. § 1367.

14.    This Court has general personal jurisdiction over TCL because TCL is a Colorado limited liability company.

15.    Venue is proper because TCL is headquartered in Parker, Colorado, which is in this District. 28 U.S.C. § 1391(b)(1).

PARTIES

16.    Commissiong worked for TCL as a Certified Nursing Assistant (CNA) and Licensed Practical Nurse (LPN) in Parker, Colorado from approximately December 2015 until April 2021.

17.    Throughout her employment, TCL classified Commissiong as non-exempt and paid her on an hourly basis.

18.    Throughout her employment, TCL subjected Commissiong to its common practice of automatically deducting 30 minutes a day from her recorded work time for so-called "meal breaks."

19.    But throughout her employment, Commissiong did not actually receive *bona fide* meal breaks.

20.    Commissiong brings this class and collective action on behalf of herself and other similarly situated hourly, non-exempt TCL patient care employees who were subject to TCL's automatic meal break deduction policy.

21.    TCL automatically deducts 30 minutes a day from these employees'
recorded work time for so-called "meal breaks."

22.    But these employees do not actually receive *bona fide* meal breaks.

23.    Thus, TCL uniformly deprives these employees of wages for all hours
worked, including for those hours worked after 40 in a workweek, in willful violation of
the FLSA, CWCA, CMWA, and COMPS Order.

24.    TCL also paid these employees Covid pay, "SD LPN" pay, and non-
discretionary shift incentive bonuses, which TCL intentionally excluded when calculating
their regular rates of pay for overtime purposes, therefore depriving them of overtime
wages calculated at the proper rate for hours worked over 40 in a week in willful violation
of the FLSA, CWCA, CMWA, and COMPS Order.

25.    The FLSA collective of similarly situated employees subject to TCL's
automatic meal break deduction policy is defined as:

> **All hourly, non-exempt TCL employees who received a
> meal period deduction at any time during the past 3 years
> (the "FLSA Automatic Deduction Class").**

26.    The FLSA collective of similarly situated employees subjected to TCL's
policy excluding certain remuneration from the regular rate for purposes of calculating
overtime is defined as:

> **All hourly, non-exempt TCL employees who received
> Covid 19 pay, "SD LPN" pay, or shift incentive bonuses
> at any time during the past 3 years (the "FLSA Regular
> Rate Class").**

27.    Commissiong also seeks to represent classes under the CWCA, CMWA,
and COMPS Order pursuant to FED. R. CIV. P. 23.

28.    The Colorado Class of similarly situated employees subjected to TCL's automatic meal break deduction policy is defined as:

> **All hourly, non-exempt TCL employees who worked for TCL in Colorado and received a meal period deduction at any time during the past 6 years (the "Colorado Automatic Deduction Class").**

29.    The Colorado Class of similarly situated employees subjected to TCL's policy excluding certain remuneration from the regular rate for purposes of calculating overtime is defined as:

> **All hourly, non-exempt TCL employees who worked for TCL in Colorado and received Covid 19 pay, "SD LPN" pay, or shift incentive bonuses at any time during the past 6 years (the "Colorado Regular Rate Class").**

30.    Members of the FLSA Automatic Deduction Class, FLSA Regular Rate Class, Colorado Automatic Deduction Class, and Colorado Regular Rate Class can be readily ascertained from TCL's business and personnel records.

31.    Together, the FLSA   Automatic Deduction Class, FLSA Regular Rate Class, Colorado Automatic Deduction Class, and Colorado Regular Rate Class are collectively referred to as the "Patient Care Workers."

32.    TCL is a Colorado limited liability company headquartered in Parker, Colorado

33.    TCL may be served with process through its registered agent: **Monte Murdock, 3490 Centennial Boulevard, Colorado Springs, Colorado 80907**, or wherever they may be found.

## FLSA COVERAGE

34.     At all relevant times, TCL was an "employer" within the meaning of Section 3(d) of the FLSA. 29 U.S.C. § 203(d).

35.     At all relevant times, TCL was an "enterprise" within the meaning of Section 3(r) of the FLSA. 29 U.S.C. § 203(r).

36.     At all relevant times, TCL was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because TCL, had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on good or materials—such as cellphones, computers, medical tools, and personal protective equipment—that have been moved in or produced for commerce.

37.     At all relevant times, TCL has had an annual gross volume of sales made or business done of not less than $1,000,000 each year.

38.     At all relevant times, Commissiong and the Patient Care Workers were TCL's "employees" within the meaning of Section 3(e) of the FLSA. 29 U.S.C. § 203(e).

39.     At all relevant times, Commissiong and the Patient Care Workers were engaged in commerce or in the production of goods for commerce.

40.     TCL uniformly deducted 30 minutes a day from Commissiong's and the FLSA Automatic Deduction Class members' recorded work time for meal breaks, even when these employees did not actually receive *bona fide*, non-interrupted meal breaks.

41. TCL applied its illegal auto-deduction policy to the FLSA Automatic Deduction Class regardless of any alleged individualized factors, such as specific job title or precise geographic location.

42. As a result, TCL failed to pay Commisiong and the members of the the FLSA Automatic Deduction Class wages (including overtime wages) for the compensable work they performed during their unpaid "meal breaks."

43. TCL's meal break deduction policy, therefore, violates the FLSA by depriving Commisiong and the FLSA Automatic Deduction Class of overtime wages for all hours worked after 40 in a workweek. 29 U.S.C. § 207(a) & (e).

44. TCL also uniformly paid Commisiong and the members of FLSA Regular Rate Class Covid pay, "SD LPN" pay, and non-discretionary shift incentive bonuses that TCL intentionally excluded when calculating their regular rates of pay for overtime purposes.

45. TCL excluded these forms of payment regardless of any alleged individualized factors, such as specific job title, supervisors, facility worked, or geographic locations.

46. As a result of TCL's exclusion of these forms of payment from the FLSA Regular Rate Class members' regular rates, Commisiong and the members of the FLSA Regular Rate Class did not receive overtime at the premium rates required by the FLSA.

47. Specifically, TCL did not pay Commisiong and the other FLSA Regular Rate Class members at least 1.5 times their regular rates of pay—based on all remuneration received—for the hours they worked after 40 in a workweek.

48.     TCL's pay plan thus violates the FLSA. 29 U.S.C. § 207(a) & (e).

## FACTS

49.     TCL "serves patients needing physical rehabilitation and/or complex nursing care."[1]

50.     To meet its business objectives, TCL hires employees, like Commissiong and the other Patient Care Workers, to work in its healthcare facilities and to provide rehabilitation and nursing care to its clients.

51.     TCL uniformly classifies these employees (including Commissiong and the other Patient Care Workers) as non-exempt and pays them on an hourly basis.

52.     While exact job titles and precise job duties may differ, these patient care employees are subjected to the same or similar illegal pay practices for similar work.

53.     For example, Commissiong worked for TCL as a CNA and LPN in Parker, Colorado from approximately December 2015 until April 2021.

54.     As a CNA and LPN, Commissiong's primary responsibilities included providing direct patient care to TCL's clients, such as monitoring residents, checking vitals, charting residents' health histories and treatments, assisting with physical therapy, responding to emergencies, and generally assisting doctors and other patient care staff.

55.     Throughout her employment, TCL classified Commissiong as non-exempt and paid her on an hourly basis.

---

[1] https://www.centeratlincoln.com/services/ (last visited May 12, 2024).

56.    Throughout her employment, TCL subjected Commissiong to its common practice of automatically deducting 30 minutes a day from her recorded work time for so-called "meal breaks."

57.    But throughout her employment, Commissiong did not actually receive *bona fide* meal breaks.

58.    Throughout her employment, TCL paid Commissiong Covid pay, "SD LPN" pay, and non-discretionary shift incentive bonuses.

59.    But TCL did not include the Covid pay, "SD LPN" pay, and non-discretionary shift incentive bonuses it paid to Commissiong in her regular rate for purposes of calculating overtime.

60.    Commissiong and the other Patient Care Workers perform their jobs under TCL's supervision and use materials, equipment, and technology TCL approves and supplies.

61.    TCL requires Commissiong and its other Patient Care Workers to follow and abide by common work, time, pay, meal break, and overtime policies and procedures in the performance of their patient care jobs.

62.    At the end of each pay period, Commissiong and the other Patient Care Workers receive wages from TCL that are determined by common systems and methods that TCL selects and controls.

63.    TCL requires Commissiong and its other Patient Care Workers to record their hours worked using TCL's timeclock system.

64.     Further, TCL subjects Commissiong and the members of the FLSA Automatic Deduction Class and Colorado Automatic Deduction Class to a common policy and practice of automatically deducting time from their recorded hours worked for meal periods.

65.     Specifically, TCL automatically deducts 30 minutes a day from Commissiong's and the members of the FLSA Automatic Deduction Class and Colorado Automatic Deduction Class' recorded work time and wages for so-called "meal breaks."

66.     TCL automatically deducts this time regardless of whether Commissiong and the members of the FLSA Automatic Deduction Class and Colorado Automatic Deduction Class actually received full, uninterrupted, 30-minute meal breaks.

67.     TCL simply assumes Commissiong and the members of the FLSA Automatic Deduction Class and Colorado Automatic Deduction Class receive *bona fide* meal breaks each shift they work.

68.     But Commissiong and the members of the FLSA Automatic Deduction Class and Colorado Automatic Deduction Class do not actually receive *bona fide* meal breaks.

69.     Instead, TCL requires Commissiong and the members of the FLSA Automatic Deduction Class and Colorado Automatic Deduction Class to remain on-duty and perform compensable work throughout their shifts.

70.     And TCL continuously subjects Commissiong and the members of the FLSA Automatic Deduction Class and Colorado Automatic Deduction Class to work interruptions during their unpaid meal periods.

71.     In fact, even when Commissiong and the members of the FLSA Automatic Deduction Class and Colorado Automatic Deduction Class attempt to take a meal break, TCL requires them to stay on TCL's premises and carry their cellphones so TCL can immediately contact them at any time (including during their unpaid "meal breaks").

72.     Because of these constant work interruptions, Commissiong and the members of the FLSA Automatic Deduction Class and Colorado Automatic Deduction Class are not free to engage in personal activities during their unpaid meal periods.

73.     Rather, during their unpaid "meal breaks," Commissiong and the members of the FLSA Automatic Deduction Class and Colorado Automatic Deduction Class are necessarily forced to perform their regular patient care duties and responsibilities.

74.     Thus, Commissiong and the members of the FLSA Automatic Deduction Class and Colorado Automatic Deduction Class routinely spend their unpaid "meal breaks" performing work for TCL's—not these employees'—predominant benefit.

75.     This unpaid time is compensable under the FLSA, CWCA, CMWA, and COMPS Order because TCL knew, or should have known, that (1) Commissiong and the members of the FLSA Automatic Deduction Class and Colorado Automatic Deduction Class were performing unpaid work during their "meal breaks," (2) they were interrupted or subject to interruptions with work duties during any attempted meal period, (3) they were not completely relieved of all duties during their "meal breaks," (4) they entirely skipped the meal period due to work demands, (5) the meal period was less than 20 consecutive minutes, (6) they were not free to engage in personal activities during their meal periods because of constant work interruptions, (7) they remained on TCL's

premises or under TCL's supervision, and/or (8) they spent their unpaid meal periods performing their regular patient care duties for TCL's predominant benefit.

76.    TCL fails to exercise its duty as Commissiong's and the members of the FLSA Automatic Deduction Class and Colorado Automatic Deduction Class employer to ensure these employees are not performing work that TCL does not want performed during their unpaid "meal breaks."

77.    And TCL knows Commissiong and the members of the FLSA Automatic Deduction Class and Colorado Automatic Deduction Class routinely perform work "off the clock" during their unpaid meal breaks because TCL expects and requires these employees to do so.

78.    In fact, Commissiong and the members of the FLSA Automatic Deduction Class and Colorado Automatic Deduction Class repeatedly complained to TCL's management, HR, and/or their supervisors about being forced to work during their unpaid "meal breaks."

79.    Thus, TCL requested, suffered, permitted, or allowed Commissiong and the members of the FLSA Automatic Deduction Class and Colorado Automatic Deduction Class to work during their unpaid "meal breaks."

80.    Despite accepting the benefits, TCL does not pay Commissiong and the members of the FLSA Automatic Deduction Class and Colorado Automatic Deduction Class for the compensable work they perform during their automatically deducted "meal breaks."

81.    Thus, under TCL's uniform automatic meal break deduction policy, Commissiong and the members of the FLSA Automatic Deduction Class and Colorado Automatic Deduction Class were, and are, denied pay for those on-duty "meal breaks," including overtime pay during workweeks in which they worked more than 40 hours, in willful violation of the FLSA, CWCA, CMWA, and COMPS Order.

82.    Commissiong worked more than 40 hours in at least one workweek during the three years before this Complaint was filed.

83.    For example, during the two-week pay period ending on March 27, 2021, Commissiong worked roughly 26 hours of overtime—not including the time she worked during her automatically deducted meal breaks (without pay).

84.    Likewise, each Patient Care Worker worked more than 40 hours in at least one workweek during the three years before this Complaint was filed.

85.    Indeed, Commissiong and the Patient Care Workers work 12.5-hour shifts for at least 3 to 5 days each workweek (or 37.5 to 62.5+ hours a week).

86.    And Commissiong and the members of the FLSA Automatic Deduction Class and Colorado Automatic Deduction Class regularly are also required to work "off the clock" during their unpaid meal breaks to complete their patient care duties and responsibilities for TCL's predominate benefit.

87.    As a result, Commissiong and the members of the FLSA Automatic Deduction Class and Colorado Automatic Deduction Class routinely work in excess of 40 hours in a typical workweek.

88.     When Commissiong and the members of the FLSA Automatic Deduction Class and Colorado Automatic Deduction Class work more than 40 hours in a workweek, TCL does not pay them overtime wages for all overtime hours worked because TCL fails to include time these employees worked "off the clock" during their unpaid meal breaks in their total number of hours worked in a given workweek in willful violation of the FLSA, CWCA, CMWA, and COMPS Order.

89.     Throughout the relevant period(s), TCL paid Commissiong and the members of the FLSA Regular Rate Class and Colorado Regular Rate Class Covid pay, "SD LPN" pay, and non-discretionary shift incentive bonuses.

90.     But TCL did not include the Covid pay, "SD LPN" pay, and non-discretionary shift incentive bonuses it paid to Commissiong and the members of the FLSA Regular Rate Class and Colorado Regular Rate Class in their regular rates for purposes of calculating overtime.

91.     By failing to include the Covid pay, "SD LPN" pay, and non-discretionary shift incentive bonuses in Commissiong and the members of the FLSA Regular Rate Class and Colorado Regular Rate Class' regular rates, TCL failed to pay these workers overtime wages at the proper premium rate—based on all remuneration received—in willful violation of the FLSA, CWCA, CMWA, and COMPS Order.

92.     TCL pays the members of the FLSA Regular Rate Class and Colorado Regular Rate Class according to the same illegal pay plan which excludes Covid pay, "SD LPN" pay, and non-discretionary shift incentive bonuses from the calculation of overtime that it imposes on Commissiong.

**CLASS AND COLLECTIVE ACTION ALLEGATIONS**

93.    Commissiong incorporates all other paragraphs by reference.

94.    Commissiong brings her claims as a class and collective action on behalf of herself and TCL's other Patient Care Workers.

95.    The members of the FLSA Automatic Deduction Class and Colorado Automatic Deduction Class were uniformly victimized by TCL's automatic meal break deduction policy, which is in willful violation of the FLSA, CWCA, CMWA, and COMPS Order.

96.    The members of the FLSA Regular Rate Class and Colorado Regular Rate Class were uniformly victimized by TCL's failure to include Covid pay, "SD LPN" pay, and non-discretionary shift incentive bonuses in the calculation of their regular rates for purposes of calculating overtime in willful violation of the FLSA, CWCA, CMWA, and COMPS Order.

97.    Members of the FLSA Automatic Deduction Class and Colorado Automatic Deduction class worked with Commissiong and indicated they were paid in the same manner, performed similar work, and were subject to TCL's same automatic meal break deduction policy.

98.    Similarly, Members of the FLSA Regular Rate Class and Colorado Regular Rate Class worked with Commissiong and indicated they also received Covid pay, "SD LPN" pay, and non-discretionary shift incentive bonuses which TCL failed to include in the calculation of their overtime rates.

99.    Based on her experience with TCL, Commissiong is aware TCL's illegal practices were imposed on TCL's other Patient Care Workers.

100.    Commissiong and the other Patient Care Workers are similarly situated in the most relevant respects.

101.    Even if their precise job duties or locations might vary, these differences do not matter for the purposes of determining payment of earned wages for all hours worked or their entitlement to overtime calculated at the correct overtime rate.

102.    Therefore, the specific job titles or precise locations of the various Patient Care Workers do not prevent class or collective treatment.

103.    The putative FLSA Automatic Deduction Class and Colorado Automatic Deduction Class are held together by TCL's uniform automatic meal break deduction policy which systematically deprived Commissiong and the other Patient Care Workers of earned wages for all hours worked, including overtime wages for all hours worked after 40 in a workweek.

104.    Similarly, the putative FLSA Regular Rate Class and Colorado Regular Rate Class are held together by TCL's failure to include Covid pay, "SD LPN" pay, and non-discretionary shift incentive bonuses in the calculation of these workers' overtime rates, which systematically deprived these workers of overtime wages calculated at the correct overtime rate.

105.    TCL's failure to pay all earned wages, including overtime wages calculated at the proper rate, as required by the FLSA, CWCA, CMWA, and COMPS Order results

from generally applicable, systematic policies and practices which are not dependent on the personal circumstances of the Patient Care Workers.

106.    TCL's records reflect the number of hours its Patient Care Workers recorded they worked each week.

107.    TCL's records also show that it automatically deducted 30 minutes a day from the members of the FLSA Automatic Deduction Class and Colorado Automatic Deduction Class recorded work time for meal breaks.

108.    TCL's records also show it paid members of the FLSA Regular Rate Class and Colorado Regular Rate Class Covid pay, "SD LPN" pay, and non-discretionary shift incentive bonuses that it failed to include in their regular rates for purposes of calculating overtime.

109.    The back wages owed to Commissiong and the other Patient Care Workers can therefore be calculated using the same formula(s) applied to the same records.

110.    Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to TCL's records, and there is no detraction from the common nucleus of liability facts.

111.    Therefore, the issue of damages does not preclude class or collective treatment.

112.    Commissiong's experiences are therefore typical of the experiences of the other Patient Care Workers.

113.    Commissiong has no interest contrary to, or in conflict with, TCL's other Patient Care Workers.

114. Like each Patient Care Worker, Commissiong has an interest in obtaining the unpaid wages owed to them under state and federal law.

115. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

116. Absent this class and collective action, many Patient Care Workers likely will not obtain redress for their injuries, and TCL will reap the unjust benefits of wilfully violating the FLSA, CWCA, CMWA, and COMPS Order.

117. Further, even if some of the Patient Care Workers could afford individual litigation against TCL, it would be unduly burdensome to the judicial system.

118. Concentrating the litigation in one forum will promote judicial economy and consistency, as well as parity among the Patient Care Workers' claims.

119. Commissiong knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class and collective action.

120. The questions of law and fact that are common to each Patient Care Worker predominate over any questions affecting solely individual members.

121. Among the common questions of law and fact are:

a. Whether TCL maintained a policy and practice of automatically deducting 30 minutes each day from the members of the FLSA Automatic Deduction Class and Colorado Automatic Deduction Class' recorded work time for so-called "meal breaks," regardless of

whether they actually received a *bona fide*, uninterrupted meal break;

b. Whether TCL knew, or had reason to know, the members of the FLSA Automatic Deduction Class and Colorado Automatic Deduction Class were requested, suffered, permitted, or allowed to work "off the clock" during their unpaid "meal breaks;"

c. Whether TCL's meal break policy deprived the members of the FLSA Automatic Deduction Class and Colorado Automatic Deduction Class of all earned wages for hours worked, including for those hours worked over 40 each week, in violation of the FLSA, CWCA, CMWA, and/or COMPS Order;

d. Whether TCL failed to include all remuneration members of the FLSA Regular Rate Class and Colorado Regular Rate Class received (including their Covid pay, "SD LPN" pay, and non-discretionary shift incentive bonuses) when calculating their regular rates of pay for overtime purposes in violation of the FLSA, CWCA, CMWA, and/or COMPS Order;

e. Whether TCL's failure to include all remuneration the members of the FLSA Regular Rate Class and Colorado Regular Rate Class received when calculating their regular rates of pay for overtime purposes deprived them of overtime wages at the premium rate required by the FLSA, CWCA, CMWA, and/or COMPS Order;

f. Whether TCL's decision not to pay the members of the FLSA Automatic Deduction Class and Colorado Automatic Deduction Class all of their earned wages for all hours worked, including those worked "off the clock" was made in good faith;

g. Whether TCL's decision not to pay the members of the FLSA Automatic Deduction Class and Colorado Automatic Deduction Class all of their overtime wages for all overtime hours worked, including those worked "off the clock" was made in good faith;

h. Whether TCL's decision not to pay the members of the FLSA Regular Rate Class and Colorado Regular Rate Class overtime wages at the proper premium rate—based on all remuneration received—was made in good faith; and

i. Whether TCL's violations were willful.

122. As part of its regular business practices, TCL intentionally, willfully, and repeatedly violated the FLSA, CWCA, CMWA, and COMPS Order with respect to Commissiong and the other Patient Care Workers.

123. TCL's illegal meal break deduction policy deprived Commissiong and the members of the FLSA Automatic Deduction Class and Colorado Automatic Deduction Class of all earned wages, including overtime wages for all hours worked after 40 in a workweek, which they are owed under state and federal law.

124. TCL's illegal policy of excluding certain remuneration from the calculation of Commissiong and the members of the FLSA Regular Rate Class and Colorado

Regular Rate Class, deprived these workers of overtime wages calculated at the correct overtime rate, which they are owed under state and federal law.

125.    There are many similarly situated members of the FLSA Automatic Deduction Class who have been denied all earned wages, including overtime wages, in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

126.    Similarly, there are many similarly situated members of the FLSA Regular Rate Class who have been denied overtime wages calculated at the proper overtime rate in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

127.    Notice of this Action should be sent to the members of the FLSA Automatic Deduction Class and FLSA Regular Rate Class pursuant to 29 U.S.C. § 216(b).

128.    Those similarly situated employees are known to TCL, are readily identifiable, and can be located through TCL's business and personnel records.

### TCL's FLSA VIOLATIONS WERE WILLFUL and/or DONE IN RECKLESS DISREGARD OF THE FLSA AND COLORADO WAGE LAWS

129.    Commissiong incorporates all other paragraphs by reference.

130.    TCL knew it was subject to the FLSA's, CWCA's, CMWA's, and COMPS Order's respective wage payment and overtime provisions.

131.    TCL knew the FLSA, CWCA, CMWA, and COMPS Order required it to pay non-exempt employees, including its Patient Care Workers, overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked after 40 in a workweek.

132.    TCL knew the CWCA and CMWA further required it to pay employees, including the members of the Colorado Automatic Deduction Class, all wages earned for all hours of work performed.

133.    TCL knew its Patient Care Workers were non-exempt employees entitled to overtime pay.

134.    TCL knew it paid its Patient Care Workers on an hourly basis.

135.    TCL knew each Patient Care Worker worked over 40 hours in at least one workweek during the three years before this Complaint was filed because TCL required these employees to record their hours worked using its timeclock system.

136.    TCL knew the FLSA, CWCA, CMWA, and COMPS Order required it to pay employees, including its Patient Care Workers, for all hours they performed compensable work.

137.    TCL knew that, as the employer, it had a duty to ensure its employees were not performing work "off the clock" (without pay) that TCL did not want performed.

138.    TCL knew it failed to provide members of the FLSA Automatic Deduction Class and Colorado Automatic Deduction Class with *bona fide*, uninterrupted meal breaks.

139.    TCL knew members of the FLSA Automatic Deduction Class and Colorado Automatic Deduction Class did not actually receive *bona fide*, uninterrupted meal breaks.

140.    TCL knew members of the FLSA Automatic Deduction Class and Colorado Automatic Deduction Class regularly worked during their unpaid meal breaks.

141.    TCL knew it requested, suffered, permitted, or allowed members of the FLSA Automatic Deduction Class and Colorado Automatic Deduction Class  to work during their unpaid meal breaks (without pay).

142.    TCL knew members of the FLSA Automatic Deduction Class and Colorado Automatic Deduction Class regularly spent their unpaid meal breaks performing their regular patient care duties and responsibilities for TCL's predominant benefit.

143.    Indeed, the members of the FLSA Automatic Deduction Class and Colorado Automatic Deduction Class complained to TCL's management, HR, and/or their supervisors about being forced to work during their unpaid meal breaks.

144.    Thus, TCL knew, should have known, or recklessly disregarded the fact that the members of the FLSA Automatic Deduction Class and Colorado Automatic Deduction Class performed compensable work during their unpaid meal breaks.

145.    Nonetheless, TCL automatically deducted 30 minutes a day from members of the FLSA Automatic Deduction Class and Colorado Automatic Deduction Class's recorded work time (and wages) for meal breaks.

146.    In other words, TCL knew, should have known, or recklessly disregarded the fact that it did not pay members of the FLSA Automatic Deduction Class and Colorado Automatic Deduction Class for all the hours they performed compensable work.

147.    TCL's decision to automatically deduct 30 minutes a day from members of the FLSA Automatic Deduction Class and Colorado Automatic Deduction Class's recorded work time for meal breaks was neither reasonable, nor was the decision to automatically deduct 30 minutes a day from the members of the FLSA Automatic

Deduction Class and Colorado Automatic Deduction Class's recorded work time for meal breaks made in good faith.

148.    TCL's failure to pay members of the Colorado Automatic Deduction Class all their earned wages for all hours worked was neither reasonable, nor was the decision not to pay these employees all their earned wages for all hours worked made in good faith.

149.    TCL's failure to pay members of the FLSA Automatic Deduction Class and Colorado Automatic Deduction Class overtime wages for all overtime hours worked was neither reasonable, nor was the decision not to pay these employees overtime wages for all overtime hours worked made in good faith.

150.    Similarly, TCL's failure to pay members of the FLSA Regular Rate Class and Colorado Regular Rate Class wages at the proper premium rate (based on all remuneration received) was neither reasonable, nor was its decision to exclude the Covid pay, "SD LPN" pay, and non-discretionary shift incentive bonuses when calculating their regular rates for overtime purposes made in good faith.

151.    TCL knew, should have known, or recklessly disregarded whether the conduct described in this Amended Complaint violated the FLSA, CWCA, CMWA, and/or COMPS Order.

152.    TCL knowingly, willfully, and/or in reckless disregard carried out its illegal auto-deduction policy that systematically deprived Commissiong and members of the FLSA Automatic Deduction Class and Colorado Automatic Deduction Class of all earned wages for all hours worked, including overtime wages for hours worked after 40 in a

workweek at the proper premium rate in violation of the FLSA, CWCA, CMWA, and/or COMPS Order.

153.   TCL knowingly, willfully, and/or in reckless disregard carried out its illegal policy of excluding remuneration paid to members of the FLSA Regular Rate Class and Colorado Regular Rate Class that systematically deprived these workers of overtime wages calculated at the proper premium rate in violation of the FLSA, CWCA, CMWA, and/or COMPS Order.

154.   TCL knew, should have known, or recklessly disregarded whether the conduct described in this Amended Complaint violated federal and Colorado wage laws.

### CAUSES OF ACTION

#### FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA (COLLECTIVE ACTION)

155.   Commissiong incorporates all other paragraphs by reference.

156.   Commissiong brings her FLSA claim on behalf of herself and members of the FLSA Automatic Deduction Class and FLSA Regular Rate Class pursuant to 29 U.S.C. § 216(b).

157.   TCL violated, and is violating, the FLSA by employing non-exempt employees (Commissiong and the members of the FLSA Automatic Deduction Class and FLSA Regular Rate Class) in a covered enterprise for workweeks longer than 40 hours without paying such employees overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked after 40 in a workweek, including those hours worked during their unpaid meal breaks.

158.    TCL's unlawful conduct harmed Commissiong and the members of the FLSA Automatic Deduction Class and FLSA Regular Rate Class by depriving them of the overtime wages they are owed.

159.    Accordingly, Commissiong and the members of the FLSA Automatic Deduction Class and FLSA Regular Rate Classare entitled to recover their unpaid overtime wages under the FLSA in an amount equal to 1.5 times their regular rates of pay, plus an equal amount as liquidated damages, as well as attorney's fees and costs.

### FAILURE TO PAY OVERTIME WAGES UNDER THE CWCA/COMPS ORDER
### (CLASS ACTION)

160.    Commissiong incorporates all other paragraphs by reference.

161.    Commissiong brings her CWCA overtime claim on behalf of herself and the members of the Colorado Automatic Deduction Class and Colorado Regular Rate Class pursuant to F.R.C.P. 23.

162.    TCL's conduct violates the CWCA, as implemented by the COMPS Order. *See* C.R.S. §§ 8-4-101, *et seq.*; C.C.R. 1103-1.

163.    At all relevant times, TCL was subject to the CWCA and the COMPS Order because TCL was (and is) an "employer" within the meaning of the CWCA and COMPS Order. *See* C.R.S. § 8-4-101(6); C.C.R. 1103-1(1.6).

164.    At all relevant times, TCL employed Commissiong and members of the Colorado Automatic Deduction Class and Colorado Regular Rate Class as its covered "employees" within the meaning of the CWCA and COMPS Order. *See* C.R.S. § 8-4-101(5); C.C.R. 1103-1(1.5).

165.    The COMPS Order requires employers, like TCL, to pay non-exempt employees, including Commissiong and members of the Colorado Automatic Deduction Class and Colorado Regular Rate Class, overtime wages at rates not less than 1.5 times their regular rates of pay—based on *all* renumeration received—for all hours worked over 12 in a workday and 40 in a workweek. *See* C.C.R. 1103-1(4.1.1).

166.    Commissiong and members of the Colorado Automatic Deduction Class and Colorado Regular Rate Class are entitled to overtime pay under the COMPS Order.

167.    TCL violated, and is violating, the COMPS Order by failing to pay Commissiong and members of the Colorado Automatic Deduction Class and Colorado Regular Rate Class overtime wages at rates not less than 1.5 times their regular rates of pay—based on *all* renumeration received—for all hours worked over 12 in a workday and 40 in a workweek, including hours worked "off the clock" during their "meal breaks." *See* C.C.R. 1103-1(4.1.1).  Such overtime wages may be recovered un the CWCA.

168.    TCL's unlawful conduct harmed Commissiong and members of the Colorado Automatic Deduction Class and Colorado Regular Rate Class by depriving them of the proper premium overtime wages they are owed.

169.    Accordingly, Commissiong and the members of the Colorado Automatic Deduction Class and Colorado Regular Rate Class are entitled to recover their unpaid overtime wages and an automatic penalty of the greater of two times the amount of the unpaid wages or compensation or $1,000. *See* C.R.S. § 8-109(3); C.C.R. 1103-1(8.1).

170.    Because TCL's failure to pay these overtime wages was willful, TCL is also liable to Commissiong and the members of the Colorado Automatic Deduction Class and

Colorado Regular Rate Class for treble damages in the amount of three times their unpaid overtime wages or $3,000, whichever is greater. *See* C.R.S. § 8-4-109(b)(II).

171. Finally, Commissiong and the members of the Colorado Automatic Deduction Class and Colorado Regular Rate Class are entitled to recover their reasonable attorneys' fees, costs, and expenses incurred in this action. *See* C.R.S. § 8-4-110; C.C.R. 1103-1(8.1).

### FAILURE TO PAY EARNED WAGES UNDER THE CWCA (CLASS ACTION)

172. Commissiong incorporates all other paragraphs by reference.

173. Commissiong brings her CWCA earned wages claim on behalf of herself and the members of the Colorado Automatic Deduction Class and Colorado Regular Rate Class pursuant to F.R.C.P. 23.

174. TCL's conduct violates the CWCA. *See* C.R.S. §§ 8-4-101, *et seq.*

175. At all relevant times, TCL was subject to the CWCA because TCL was (and is) an "employer" within the meaning of the CWCA. *See* C.R.S. § 8-4-101(6).

176. At all relevant times, TCL employed Commissiong and members of the Colorado Automatic Deduction Class and Colorado Regular Rate Class as its covered "employees" within the meaning of the CWCA. *See* C.R.S. § 8-4-101(5).

177. The CWCA requires employers, like TCL, to pay employees, including Commissiong and the members of the Colorado Automatic Deduction Class and Colorado Regular Rate Class, all wages earned, due, and owing on their regular payday and following termination of their employment. *See* C.R.S. §§ 8-4-103(1)(a) and 8-4-109(1).

178.   TCL violated, and is violating, the CWCA by failing to pay Commissiong and members of the Colorado Automatic Deduction Class and Colorado Regular Rate Class all their wages earned for all the hours of work they performed for TCL's benefit, including the work they performed "off the clock" during their "meal breaks," on their regular payday and/or following termination of their employment. *See* C.R.S. §§ 8-4-103(1)(a) and 8-4-109(1).

179.   TCL's unlawful conduct harmed Commissiong and the members of the Colorado Automatic Deduction Class and Colorado Regular Rate Class by depriving them of the earned wages they are owed.

180.   Accordingly, Commissiong and the members of the Colorado Automatic Deduction Class and Colorado Regular Rate Class are entitled to recover their unpaid earned wages and an automatic penalty of the greater of two times the amount of the unpaid wages or compensation or $1,000. *See* C.R.S. § 8-4-109(3).

181.   Because TCL's failure to pay these earned wages was willful, TCL is also liable to Commissiong and members of the Colorado Automatic Deduction Class and Colorado Regular Rate Class for treble damages in the amount of three times their unpaid earned wages or $3,000, whichever is greater. *See* C.R.S. § 8-4-109(b)(II).

182.   Finally, Commissiong and the members of the Colorado Automatic Deduction Class and Colorado Regular Rate Class are entitled to recover their reasonable attorneys' fees, costs, and expenses incurred in this action. *See* C.R.S. § 8-4-110.

**FAILURE TO PAY MINIMUM WAGES UNDER THE CMWA/COMPS ORDER
(CLASS ACTION)**

183.   Commissiong incorporates all other paragraphs by reference.

184.   Commissiong brings his CMWA minimum wages claim on behalf of herself
and the members of the Colorado Automatic Deduction Class pursuant to F.R.C.P. 23.

185.   TCL's conduct violates the CMWA, as implemented by the COMPS Order.
*See* C.R.S. §§ 8-6-101, *et seq*.

186.   At all relevant times, TCL was subject to the CMWA because TCL was (and
is) an "employer" within the meaning of the CMWA.

187.   At all relevant times, TCL employed Commissiong and the members of the
Colorado Automatic Deduction Class as its covered "employees" within the meaning of
the CMWA.

188.   The CMWA and COMPS Order require employers, like TCL, to pay
employees, including Commissiong and the members of the Colorado Automatic
Deduction Class, no less than the minimum hourly wage for all hours worked, including
overtime pay for hours worked in excess of 40 per workweek and/or 12 per day.

189.   TCL violated, and is violating, the CMWA and COMPS Order by failing to
pay Commissiong and the members of the Colorado Automatic Deduction Class minimum
wages (including overtime pay) for all hours worked, including those worked "off the clock"
and/or during missed meal breaks.

190.   TCL's unlawful conduct harmed Commissiong and the members of the
Colorado Automatic Deduction Class by depriving them of the minimum wages they are
owed.

191.    Accordingly, Commissiong and the members of the Colorado Automatic Deduction Class are entitled to recover their unpaid minimum wages and interest.

192.    Finally, Commissiong and the members of the Colorado Automatic Deduction Class are entitled to recover their reasonable attorneys' fees, costs, and expenses incurred in this action. *See* C.R.S. § 8-4-110.

### CIVIL THEFT OF WAGES UNDER THE CMWA (CLASS ACTION)

193.    Commissiong incorporates all other paragraphs by reference.

194.    Commissiong brings her civil theft claim on behalf of herself and the members of the Colorado Automatic Deduction Class pursuant to F.R.C.P. 23.

195.    At all relevant times, TCL was subject to the CMWA because TCL was (and is) an "employer" within the meaning of the CMWA.

196.    At all relevant times, TCL employed Commissiong and the members of the Colorado Automatic Deduction Class as its covered "employees" within the meaning of the CMWA.

197.    TCL knew it failed to pay Commissiong and the members of the Colorado Automatic Deduction Class minimum wage because TCL knew (1) Commissiong and the members of the Colorado Automatic Deduction Class work "off the clock" during their meal breaks; and (2) TCL failed to provide uninterrupted meal breaks and failed to compensate Commissiong and the members of the Colorado Automatic Deduction Class *at all* for these missed meal breaks.

198.    TCL's knowing failure to pay minimum wage under the CMWA constitutes theft pursuant to C.R.S. § 18-4-401. *See* C.R.S. § 8-6-116.

199.    As a result, TCL's failure to pay minimum wage constitutes civil theft pursuant to C.R.S. § 18-4-405.

200.    Accordingly, Commissiong and the members of the Colorado Automatic Deduction Class are entitled to treble damages and attorney's fees.

201.    Commissiong and the members of the Colorado Automatic Deduction Class are also entitled to costs, statutory interest, and all other relief deemed appropriate by the Court.

### JURY DEMAND

202.    Commissiong demands a trial by jury.

### RELIEF SOUGHT

Commissiong, individually and on behalf of the other Patient Care Workers, seeks the following relief:

   a.    An Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to members of the FLSA Automatic Deduction Class and FLSA Regular Rate Class with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

   b.    An Order pursuant to Section 16(b) of the FLSA finding TCL liable for unpaid overtime wages due to Commissiong and members of the FLSA Automatic Deduction Class and FLSA Regular Rate

Class, plus liquidated damages in amount equal to their unpaid overtime wages;

c.     Judgment awarding Commissiong and the members of the FLSA Automatic Deduction Class and FLSA Regular Rate Class all unpaid wages, liquidated damages, and any other penalties available under the FLSA;

d.     An Order certifying a class action pursuant to F.R.C.P. 23;

e.     An Order appointing Commissiong and her counsel to represent the interests of the Colorado Automatic Deduction Class and Colorado Regular Rate Class;

f.     An Order finding TCL liable to Commissiong and the members of the Colorado Automatic Deduction Class and Colorado Regular Rate Class their unpaid overtime wages owed to them under the CWCA, an automatic penalty of the greater of two times the amount of the unpaid wages or compensation or $1,000, plus treble damages in the amount of three times their unpaid wages or $3,000, whichever is greater;

g.     An Order finding TCL liable to Commissiong and the members of the Colorado Automatic Deduction Class and Colorado Regular Rate Class their unpaid earned wages owed under the CWCA, an automatic penalty of the greater of two times the amount of the unpaid wages or compensation or $1,000, plus treble damages in

       the amount of three times their unpaid wages or $3,000, whichever is greater;

h.      An Order finding TCL liable to Commissiong and the members of the Colorado Automatic Deduction Class their unpaid minimum wages (including overtime pay) owed under the CMWA, plus interest;

i.      Judgment awarding Commissiong and the members of the Colorado Automatic Deduction Class and Colorado Regular Rate Class all unpaid earned wages, unpaid minimum wages, unpaid overtime wages, liquidated damages, treble damages, statutory damages, and any other penalties available under the CWCA and CMWA;

j.      An Order awarding attorney's fees, costs, and expenses;

k.      Pre- and post-judgment interest at the highest applicable rates; and

l.      Such other and further relief as may be necessary and appropriate.

Dated: May 13, 2024.

Respectfully submitted,

JOSEPHSON DUNLAP LLP

By: */s/ Michael A. Josephson*
      Michael A. Josephson
      Andrew W. Dunlap
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Phone: 713-352-1100
Fax: 713-352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com

Richard J. (Rex) Burch
BRUCKNER BURCH PLLC
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Phone: 713-877-8788
Fax: 713-877-8065
rburch@brucknerburch.com

William C. (Clif) Alexander*
Austin W. Anderson*
ANDERSON ALEXANDER PLLC
101 N. Shoreline Blvd., Suite 610
Corpus Christi, Texas 78401
Phone: 361-452-1279
Fax: 361-452-1284
clif@a2xlaw.com
austin@a2xlaw.com

*Pro hac vice applications forthcoming*

ATTORNEYS FOR COMMISSIONG
& THE PATIENT CARE WORKERS