**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-cv-02834-PAB-KAS

CELINE COMMISSIONG, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

Plaintiff,

v.

THE CENTER AT LINCOLN, LLC,

Defendant.

---

### DEFENDANT THE CENTER AT LINCOLN'S MOTION TO DISMISS THE CIVIL THEFT CLAIM OF THE AMENDED COMPLAINT

---

Defendant The Center at Lincoln, LLC, through its attorneys, Gordon Rees Scully Mansukhani, LLP, respectfully submits its Motion to Dismiss the Civil Theft Claim of the Amended Complaint.

### I.  SUMMARY OF THE ARGUMENT

The Court should dismiss Plaintiff's civil theft claim because Plaintiff pursues it too late. Colorado applies a two-year statute of limitations to civil theft claims with a one-year limitations applicable to the penal component of the statute. Plaintiff filed her original complaint on October 27, 2023 [Doc. 1] and her motion for leave to amend on May 13, 2024 [Doc. 47.] In her Amended Complaint, she acknowledges she separated from employment with Defendant in April 2021. Two years following April 2021 is April 2023. The civil theft claim was filed too late and should be dismissed.[1]

---

[1] Defendant notes that other claims may be time barred, but those are better addressed under summary judgment given facts must be accepted as true at this stage and a determination of willfulness is fact intensive.

## II.  CERTIFICATE OF CONFERRAL

Although not required, undersigned conferred with counsel for Plaintiff Commissiong regarding the relief requested herein.  Counsel for Plaintiff Commissiong opposes the relief requested.

## III.  STANDARD OF REVIEW

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).  A motion to dismiss made pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim must be granted unless the complaint includes "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly,* 550 U.S. 554, 570 (2007); *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) ("[A] complaint must contain enough allegations of fact, taken as true, to state a claim to relief that is plausible on its face").  In order to survive a motion to dismiss, "the factual allegations of the complaint must be enough to raise a right to relief "above the speculative level" and a plaintiff must "provide the grounds of his entitlement to relief."  *Twombly*, 550 U.S. at 555 (internal citations omitted).  "Only a complaint that states a plausible claim for relief survives a motion to dismiss" and, therefore, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  *Ashcroft v. Iqbal,* 556 U.S. 662, 678–79 (2009) (quoting *Twombly,* 550 U.S. at 570).

A defendant may raise an affirmative defense in a Rule 12(b)(6) motion "[i]f the defense appears plainly on the face of the complaint itself."  *Hicks v. Sprint Nextel Corp.*, 2016 WL 1028267 at *2 (D. Colo. March 15, 2016) (*citing to Lee v. Rocky Mountain UFCW Unions & Emp'rs Trust Pension Plan*, 13 F.3d 405 (10th Cir. 1993)).  Though a statute of limitations bar is

2

an affirmative defense, it may be resolved on a Rule 12(b)(6) motion to dismiss "when the dates given in the complaint make clear that the right sued upon has been extinguished." *Radloff-Francis v. Wyoming Med. Ctr.*, 524 Fed.Appx. 411, 412-13 (10th Cir. 2013) (*citing to Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980)); *Geiger v. Chubb Indem. Ins. Co.*, 2024 WL 814539 at *4-6 (D. Colo. Feb. 27, 2024) (Granting motion to dismiss with respect to claim because it is time-barred under the applicable statute of limitations).

Given the applicable standard, Defendant accepts the alleged facts for this motion, but reserves the right to dispute them later.

### IV.     ARGUMENT

**A.  Plaintiff's civil theft claim is time-barred.**

The statute of limitations for a civil theft claim is two years with a shorter limitation for the penal aspect of the statute. *See Brody v. Bruner*. *Brody v. Bruner*, 19-CV-01091-RM-NRN, 2021 WL 4264055, at *3 (D. Colo. Sept. 20, 2021) (citing *Tisch v. Tisch*, 439 P.3d 89, 101 (Colo. App. 2019)). Such a claim accrues when a party, through the exercise of reasonable diligence, had or should have had knowledge of the facts essential to the cause of action, not knowledge of the legal theory upon which the action may be brought. *See Wagner v. Grange Ins. Ass'n*, 166 P.3d 304, 307 (Colo. App. 2007). Here, it is undisputed Plaintiff last worked for Defendant in April 2021. *See* Am. Compl. ¶¶ 16, 53 [Doc. 47-1.] It is also undisputed that Plaintiff did not file any pleading prior to October 2023, and the motion for leave to amend the complaint was not filed until May 2024. [Docs. 1 & 47.] Both pleadings were filed well after two years from the end of her employment.

Further, the Amended Complain basis the alleged civil theft on the purported failure to provide uninterrupted meal breaks. *See* Am. Compl. ¶¶ 4-8, 197 [Doc. 47-1.]  In essence, Plaintiff

3

claims Defendant failed to pay her for working during a meal break at some time in April 2021 or earlier. These are facts, through the exercise of reasonable diligence, Plaintiff knew or should have known in April 2021. Through this cause of action, what Plaintiff is claiming is that Defendant failed to pay her the bare minimum, the minimum wage, for time worked during meal breaks, and, thus, it is civil theft. *See id.* at ¶ 199. She knew or should have known of these facts in April 2021 and, therefore, her claim accrued over two years before she filed her lawsuit. Undoubtedly, the claim accrued well before the one-year limitation to the penal damages applicable to civil theft.

## V. CONCLUSION

WHEREFORE, Defendant the Center at Lincoln requests that the court dismiss Plaintiff's Fourth Cause of Action for Civil Theft of Wages.

DATED this the 5th day of July 2024.

Respectfully submitted,

*/s/Andrew K. Lavin*
Andrew K. Lavin, Esq.
Rose Zetzman, Esq.
GORDON REES SCULLY MANSUKHANI, LLP
555 Seventeenth Street, Suite 3400
Denver, Colorado 80202
Telephone: (303) 534-5160
alavin@grsm.com
rzetzman@grsm.com
*Attorneys for Defendant The Lincoln Center, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the above and foregoing was electronically filed with the Clerk of the United States District Court using the CM/ECF system which will send notification to all counsel of record and a copy was served via electronic counsel on William C. (Clif) Alexander, Esq. and Austin W. Anderson, Esq. at the email addresses listed below on this the 5th day of July 2024.

*Counsel for Plaintiff*:

Michael A. Josephson
Andrew W. Dunlap
Oliva R. Beale
Josephson Dunlap LLC
11 Greenway Plaza, Suite 3050
Houston, TX 77046
mjosephson@mybackwages.com
adunlap@mybackwages.com
obeale@mybackwages.com

Richard J. (Rex) Burch
Bruckner Burch PLLC
11 Greenway Plaza, Suite 3025
Houston, TX 77046
rburch@brucknerburch.com

William C. (Clif) Alexander*
Austin W. Anderson*
Anderson Alexander PLLC
101 N. Shoreline Blvd., Suite 610
Corpus Christi, TX 78401
clif@a2xlaw.com
austin@a2xlaw.com
*Pro Hac Vice applications forthcoming

                                        */s/Monica L. Vela*
                                        For Gordon Rees Scully Mansukhani, LLP