IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-02834

**CELINE COMMISSIONG, Individually and for Others Similarly Situated,**

    Plaintiff,

v.

**THE CENTER AT LINCOLN, LLC,**

    Defendant.

---

**COMMISSIONG'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS**

---

| | |
|---|---|
| **Michael A. Josephson** | **Richard J. (Rex) Burch** |
| Texas State Bar No. 24014780 | Texas Bar No. 24001807 |
| **JOSEPHSON DUNLAP, LLP** | **BRUCKNER BURCH PLLC** |
| 11 Greenway Plaza, Suite 3050 | 11 Greenway Plaza, Suite 3025 |
| Houston, Texas 77046 | Houston, Texas 77046 |
| Tel: (713) 352-1100 | Tel: (713) 877-8788 |
| Fax: (713) 352-3300 | Fax: (713) 877-8065 |
| mjosephson@mybackwages.com | rburch@brucknerburch.com |

**ATTORNEYS FOR PLAINTIFF AND THE PUTATIVE CLASS MEMBERS**

i

**A.   SUMMARY.**

Celine Commissiong sued The Center at Lincoln LLC (TLC) for violating the Fair Labor Standards Act (FLSA) by auto-deducting time for meal breaks—that she did not receive—from her compensable time worked. *See* ECF 1 ¶ 122. Because TCL's auto-deduct policy also violates Colorado law, Commissiong amended her complaint to include claims under the Colorado Wage Claim Act (CWCA), Colorado Minimum Wage Act (CMWA), Colorado Overtime and Minimum Pay Standards Orders (COMPS Order), and for civil theft. ECF 51 ¶¶ 156, 161, 173, 184, 194. TCL moved to dismiss Commissiong's civil theft claim, asserting it's barred by its statute of limitations. But Commissiong's civil theft claim is timely under the statute of limitations, equitable estoppel, and Federal Rule of Civil Procedure 15(c). This Court should therefore deny TCL's motion to dismiss.

**B.   STANDARD OF REVIEW AND LAW.**

In evaluating a motion to dismiss under Rule 12(b)(6), a court must accept the factual allegations in the complaint as true, view those allegations in the light most favorable to the non-movant, and draw all reasonable inferences in the non-movant's favor. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014); *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010). The complaint must allege a "plausible" right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007); *Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Conclusory allegations are insufficient, *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009). When determining if a claim has been plausibly alleged, courts "do not require plaintiffs to establish a prima facie case. Instead, [courts] consider whether [plaintiffs] have set forth a plausible claim in light of the elements of their claim." *Frappied v. Affinity Gaming Black Hawk, LLC*, 966 F.3d 1038, 1050 (10th Cir. 2020).

A claim of theft may be brought as a civil action. COLO. REV. STAT. § 18-4-405; *see Atlas*

*Biologicals, Inc. v. Kutrubes*, No. 15-cv-00355-CMA-KMT, 2019 WL 4594274, at *18 (D. Colo. Sep. 23, 2019) (asserting both claims of civil theft and conversion under § 18-4-405). To prevail on a theft claim, a plaintiff must prove: (1) Defendant knowingly obtained, retained, or exercised control over something of value, (2) that belonged to Plaintiff, (3) without authorization, or by threat, or by deception, and (4) intentionally or knowingly to permanently deprive her of it. COLO. REV. STAT. § 18-4-401; *Van Rees v. Unleaded Software, Inc.*, 373 P.3d 603, 608 (Colo. 2016); *DTC Energy Grp., Inc. v. Hirschfeld*, 420 F. Supp.3d 1163, 1179 (D. Colo. 2019). This includes the theft of money. *Itin v. Ungar*, 17 P.3d 129, 131 (Colo. 2000). A plaintiff may recover attorneys' fees and costs and three times the amount of the actual damages caused by the theft. COLO. REV. STAT. § 18-4-405.

## C.   ARGUMENT & AUTHORITY.

This Court should deny TCL's motion to dismiss because the statute of limitations has not elapsed and/or determining whether it has is a disputed issue of material fact.

### 1.   The statute of limitations defense is not appropriate in a motion to dismiss where disputed issues of fact are involved.

Because statute of limitations is an affirmative defense, dismissal under Rule 12(b)(6) is generally inappropriate. *See Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1299 (10th Cir. 2018). This is because a plaintiff is not required to anticipate affirmative defenses. *Id.* Dismissal for untimeliness is therefore only available when the defense is "impenetrable" based on the information in the complaint. *Id.* When (as here) factual determinations must be made to determine claim accrual and equitable doctrines to determine the timeliness of the action, dismissal is not appropriate. *See Nagim v. Jackson*, No. 10-cv-00328-PAB-KLM, 2010 WL 4318896, at *4 (D. Colo. Aug. 10, 2010) (citing *Dummar v. Lummis*, 543 F.3d 614, 619 (10th Cir. 2008) and *Alrich v. McCulloch Properties, Inc.*, 627 F.2d 1036, 1041, n.4 (10th Cir. 1980)); *infra* at 6–7 (discussing disputed fact issues).

2

### 2.     Commissiong's civil theft claim has a three-year statute of limitations.

The statute of limitations for a state law claim of civil theft is three years. COLO. REV. STAT. § 13-80-101(1)(h) (applying three-year limitations period to "all actions . . . for taking, detaining, or converting goods and chattels"); *see Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938) ("Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state . . . . [a]nd whether the law of the state shall be declared by its Legislature in a statute or by its highest court in a decision is not a matter of federal concern."). Nonetheless, there "is no consensus among Colorado courts—or federal courts applying Colorado law—as to the statute of limitations applying to" this type of claim.[1] *Compare Schober v. Thompson*, No. 21-cv-01382-GPG-NRN, 2023 WL 9469025, at *3 (D. Colo. Dec. 19, 2023) (applying three-year limitation under § 13-80-101(1)(h) to conversion claim and collecting cases); *Curtis v. Counce*, 32 P.3d 585, 588 (Colo. App. 2001) (applying three-year limitation to claims for conversion and theft); *Patterson v. Dex Media, Inc.*, No. 11-CV-02336-LTB-BNB, 2012 WL 3778338, at *5 (D. Colo. Aug. 31, 2012) (same) *with McGee v. Hardina*, 140 P.3d 165, 167 (Colo. App. 2005) (applying two-year limitation); *Oaster v. Robertson*, 173 F. Supp. 3d 1150, 1168 (D. Colo. 2016) (same);; *Focke v. Allen*, No. 20-CV-03014-MEH, 2021 WL 3828714, at *5 (D. Colo. Aug. 27, 2021) (same); *see also Conry v. Barker*, No. CV14CV02672-CMA-KLM, 2015 WL 5636405, at *11 (D. Colo. Aug. 11, 2015) (stating that a conversion claim has a three-year limitation period despite torts generally having a two-year limitations period, but regardless claims were barred by delay of 13 years). Notably, when courts have considered both statutes, they have consistently held that the three-year limitations period

---

[1] While conversion and theft are recognized as distinct, the only distinction is the required intent, they are both claims involving the taking of goods and chattels. *See Atlas*, 2019 WL 4594274, at *18 (asserting both civil theft and conversion under § 18-4-405); *Itin*, 17 P.3d at 135 n.10 (noting the only distinction between civil theft and conversion being the required intent).

3

applies. For instance, *Schober* considered how it appeared that there were two different statutes that might apply and thoroughly grappled with the law applying to the statutes revealing under closer inspection that § 13-80-101(1)(h) controls. *See Schober*, 2023 WL 9469025, at *3; *see also Curtis*, 32 P.3d at 588 (considering both statutes and holding § 13-80-101(1)(h) controls). Whereas cases like *McGee* only addressed the matter in a cursory way with little, if any, analysis. *See, e.g.*, *McGee*, 140 P.3d at 167 (simply stating that because conversion is a tort a two-year limitations period applies without analyzing whether § 13-80-101(1)(h) controlled); *Oaster*, 173 F. Supp. 3d at 1168 (same); *Focke*, 2021 WL 3828714, at *5 (same).

Under § 13-80-101(1)(h), "[a]ll actions of replevin or for taking, detaining, or converting goods and chattels" must "be commenced within three years after the cause of action accrues." *See, e.g.*, *Curtis*, 32 P.3d at 588. But § 13-80-102(1)(a) states "[t]ort actions" "must be commenced within two years after the causes of action accrues, and not thereafter." Some courts think the general, two-year period for torts applies because a taking is a "tort." *See, e.g.*, *McGee*, 140 P.3d at 167. But the Supreme Court of Colorado refused to classify a civil theft claim as a tort claim when presented with an opportunity to do so. *See Bermel v. Blueradios, Inc.*, 440 P.3d 1150, 1157 (Colo. 2019) (leaving the determination of the civil theft claim's classification unresolved). This Court should conclude that the three-year period applies because (1) when there is a conflict between a general and specific statute, courts should give effect to the specific statute or, (2) alternatively, under the rules of statutory construction applying the longer period is appropriate.

First, when construing a statute, courts must give effect to the intent of Colorado's General Assembly and refrain from rendering judgments that are inconsistent with that intent. *See Farmers Ins. Exch. v. Bill Boom, Inc.*, 961 P.2d 465, 469 (Colo. 1998); *Walker v. People*, 932 P.2d 303, 309 (Colo.

4

1997). Colorado's General Assembly has directed that when general and specific statutes conflict, courts should give effect to the specific statute:

> If a general provision conflicts with a special or local provision, it shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail.

COLO. REV. STAT. § 2-4-205; *accord Jones v. Cox*, 828 P.2d 218, 223 (Colo. 1992) (applying a similar general/specific canon of construction and concluding that the more specific limitations provision overrode the general limitations period for torts). Here, § 13-80-102(1)(a) generally subjects "torts" to a two-year limitations period, and § 13-80-101(1)(h) specifically provides that certain property-related torts have a three-year limitations period. Section 13-80-102(1)(a) also does not supersede § 13-80-101(1)(h) because both statutes were repealed and reenacted at the same time. *See* 1986 Colo. Sess. Laws 695–96. Denying a three-year limitations period here, where Colorado specifically permits it for all actions involving a taking, would be absurd. *See Hall v. Walter*, 969 P.2d 224, 229 (Colo. 1998) (statutory interpretation leading to an absurd result will not be followed); *Ingram v. Cooper,* 698 P.2d 1314, 1315 (Colo. 1985); *see also* § 2–4–201(1)(c) ("A just and reasonable result is intended."). Moreover, it's not uncommon for there to be specific limitations provisions that provide for greater time than a general limitations period does. For example, while fraud is a tort, it has a three-year limitations period rather than the general two-year period. *See, e.g.*, *Bridgewater Apartments, LLC v. 6401 S. Boston Street, Inc.*, 2006 WL 295385 (D. Colo. February 7, 2006) (describing fraud as a tort); COLO. REV. STAT. § 13–80–101(1)(c) (providing three-year statute of limitations for fraud claims). Therefore, the Court must apply the specific statute that "actions for taking, detaining, or converting goods and chattels," which covers Commissiong's claims that TCL

5

wrongfully took possession of his earned wages, "shall be commenced within three years after the cause of action accrues."

Alternatively, "because statutes of limitation are in derogation of a presumptively valid claim, a longer period of limitations should prevail where two statutes are arguably applicable." *Dawson v. Reider*, 872 P.2d 212, 214 (Colo. 1994) (identifying three rules of statutory construction) (quoting *Jones*, 828 P.2d at 222). Even if § 13-80-101(1)(h)'s language is not dispositive on its own, determining whether it or § 13-80-102(1)(a) applies to the theft action asserted here is supportable—just look at the lack of consensus among Colorado courts. So this Court should apply the three-year limitations period to Commissiong's claim. *See Dawson*, 872 P.2d at 214 (instructing courts to apply longer limitations period where two statutes could apply).

Ignoring these rules would gut the purpose of § 13-80-101(1)(h) and make it superfluous in favor of § 13-80-102(1)(a). This not only thwarts the General Assembly's intent in passing § 13-80-101(1)(h) providing victims greater time to seek redress for takings, but it also eviscerates protections for Colorado workers by restricting them from enforcing their rights to recover stolen wages. So this Court should resolve any "apparent inconsistency in favor of a three-year limitations period" for Commissiong's claim. *Schober*, 2023 WL 9469025, at *3.

### 3. Applying rules of accrual, Commissiong's claim is timely.

Commissiong's claim is timely under either of these accrual rules: (1) equitable estoppel bars application of the statute of limitations or requires more factual development, and (2) even if the claim accrued in April 2021, the claim relates back to the original complaint's date. Each rule independently confirms Commissiong's claim is timely.

### a. Under estoppel, Commissiong's claim is timely filed.

6

In addition to the fact that the civil theft claim did not accrue until October 2023, or at the earliest April 2021, TCL should be estopped from asserting a statute of limitations defense because it caused Commissiong to delay making the civil theft claim by maintaining that her "meal breaks" are *bona fide* meal breaks where she is off-duty from work and that it had a process to adjust recorded work times based on the actual time of meal breaks. *See* ECF 31 ¶ 15. When "a party by its acts or omissions contributes to the running of a statute of limitations, the doctrine of equitable estoppel will prevent its raising that defense." *Strader v. Ben. Fin. Co. of Aurora*, 551 P.2d 720, 724 (Colo. 1976). Equitable estoppel applies where "(1) [t]he party to be estopped must know the facts; (2) this party also must intend that [its] conduct be acted on or must so act that the party asserting the estoppel has a right to believe the other party's conduct is so intended; (3) the party asserting the estoppel must be ignorant of the true facts; and (4) the party asserting the estoppel must rely on the other party's conduct to her injury." *Cork v. Sentry, Ins.*, 194 P.3d 422, 427 (Colo. App. 2008).

Commissiong's allegations plausibly support a right to estoppel. TCL misrepresented facts known to it and unknown to Commissiong. TCL led Commissiong to believe its automatic deduction policy was permissible as used and that Commissiong would be compensated for any work she did during that deducted time. *See* ECF 31 ¶ 15; ECF 51 ¶ 78. This caused Commissiong to delay pursuing her claim. *See* ECF 31 ¶ 15; ECF 51 ¶ 78. These facts, at a minimum, create an issue of fact to be revealed in discovery. *See, e.g.*, *Wensleydale Way, Inc., v. Fleet Car Lease Inc.*, No. 17-cv-02863-RBJ, 2019 WL 295674, at *4 (D. Colo. Jan. 23, 2019) (unable to determine accrual date where there is a fact issue involved). TCL's motion to dismiss based on statute of limitations is therefore inappropriate and should be dismissed. *See Nelson v. State Farm Mut. Auto. Ins. Co.*, 419 F.3d 1117, 1119 (10th Cir. 2005) (facts must be undisputed for a court to determine whether statute of limitations is cause for dismissal at this stage).

7

### b. Commissiong's claim relates back to the original complaint.

Finally, Commissiong's claim is timely under the applicable three-year limitations period because it relates back to her original complaint under Rule 15(c). *See* FED. R. CIV. P. 15(c).

Claims set forth in an amended complaint relate back to the filing of the original complaint when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."[2] FED. R. CIV. P. 15(c)(1)(B); *Banks v. St. Mary's Hosp. and Med. Ctr.*, 558 F.Supp 1334, 1337–38 (D. Colo. 1983) (applying FED. R. CIV. P. 15(c)). The elements of the new claim don't need to be present in the original complaint; the new claim must arise from a common facts and fair notice of the general theory of liability must be given.[3] "[A]mendments will relate back if they amplify the facts previously alleged, correct a technical defect in the prior complaint, assert a new theory of relief, or add another claim arising out of the same facts." *Benton v. Bd. of Cnty. Comm'rs*, No. 06–cv–01406–PSF, 2007 WL 4105175, at *3 (D. Colo. Nov. 14, 2007), *aff'd*, 303 F.App'x 625 (10th Cir. 2008). "As long as there is a factual nexus between the original and amended complaints, the amended claim is liberally construed to relate back to the original complaint." *Griffin v. Gorman*, No. 17-cv-03019-MSK-KMT, 2019 WL 4464021, at *6 (D. Colo. Sept. 18, 2019) (citing *Benton*, 2007 WL 4105175, at *3).

---

[2] Because this is a state law claim raised under § 1367(a) in federal court, "[t]he period of limitations . . . shall be tolled while the claim is pending and for a period of 30 days after it is dismissed." 28 U.S.C. § 1367(d). This tolling provision assures "that state-law claims asserted under § 1367(a) will not become time barred while pending in federal court." *Estate of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1168 n.4 (10th Cir. 2004) (internal quotation omitted).

[3] "For a new claim to relate back to the original complaint, for purposes of the applicable statute of limitations, a common core of operative facts must exist that unites the original and newly asserted claims and that common core exists if the opposing party has had fair notice of the general fact situation and legal theory upon which the amending party proceeds." Arthur R. Miller, et al., 6A *Fed. Prac. & Proc. Civ.* § 1498.2 (3d ed. 2020) (citations omitted).

Commissiong filed her original complaint in October 2023. ECF 1. While she amended her complaint in May 2024, the amended complaint simply raises new causes of action based on the same factual predicate contained in her original complaint. *See* ECF 1, 51. It arises from the same common core of facts alleged—that TCL illegally withheld pay from Commissiong during same the period of her employment—and is merely an additional theory of relief. *See generally* ECF 1 ¶ 34–71; ECF 51 49–92, 197–98. Thus, her claim is timely under the three-year limitations period because it relates back to the original complaint. FED. R. CIV. P. 15(c).

The Court should therefore deny TCL's motion to dismiss.

C. **CONCLUSION.**

For the reasons stated herein, Commissiong respectfully requests the Court deny TCL's motion to dismiss.

Respectfully Submitted,

By: */s/ Olivia Beale*
**Michael A. Josephson**
Texas State Bar No. 24014780
**Lindsay R. Itkin**
Texas State Bar No. 24068647
**Olivia R. Beale**
Texas Bar No. 24122166
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100
Fax: (713) 352-3300
mjosephson@mybackwages.com
litkin@ mybackwages.com
obeale@mybackwages.com

**AND**

**Richard J. (Rex) Burch**
Texas State Bar No. 24001807

9

> **BRUCKNER BURCH, PLLC**
> 11 Greenway Plaza, Suite 3025
> Houston, Texas 77046
> Tel: (713) 877-8788
> Fax: (713)877-8065
> rburch@brucknerburch.com

## CERTIFICATE OF SERVICE

I served this document via the Court's ECF System in accordance with the Federal Rules of Civil Procedure on July 26, 2024.

> /s/ Olivia Beale
> **Olivia Beale**