**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-cv-02834-PAB-KAS

CELINE COMMISSIONG, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

Plaintiff,

v.

THE CENTER AT LINCOLN, LLC,

Defendant.

---

**REPLY IN SUPPORT OF DEFENDANT THE CENTER AT LINCOLN'S MOTION TO DISMISS THE CIVIL THEFT CLAIM OF THE AMENDED COMPLAINT**

---

Defendant The Center at Lincoln, LLC, through its attorneys, Gordon Rees Scully Mansukhani, LLP, respectfully submits its Reply in Support of Motion to Dismiss the Civil Theft Claim of the Amended Complaint.[1]

## I.   SUMMARY OF THE ARGUMENT

The Court should dismiss Plaintiff's civil theft claim because Plaintiff pursues it too late. Colorado applies a two-year statute of limitations to civil theft claims with a one-year limitations applicable to the penal component of the statute. Plaintiff filed her original complaint on October 27, 2023 [Doc. 1] and her motion for leave to amend on May 13, 2024 [Doc. 47.] There is no factual dispute as to when Plaintiff Commissiong's civil theft claim began to accrue, which was, at the latest, the time she left Defendant in April 2021. Regardless of whether the two- or one-year statute of limitations applies, Plaintiff's right to bring a civil theft claim has extinguished. Because of the one- or two-year statute of limitations, it is irrelevant whether Plaintiff's civil theft

---

[1] Given that the parties filed the Joint Motion to Stay, Toll, and Mediate [Dkt. 60], Defendant files this reply so that the motion regarding Plaintiff's civil theft claim is ripe when the stay is lifted.

claim relates back to her original complaint. Equitable tolling of the statute of limitations is inappropriate here because Defendant has not done anything to contribute to Plaintiff's delay in bringing her civil theft claim. Simply, the civil theft claim was filed too late and should be dismissed.

## II.     STANDARD OF REVIEW

The parties generally agree on the applicable standard of review.

## III.    ARGUMENT

### A. There is No Factual Dispute as to When Plaintiff's Civil Theft Action Accrued.

Plaintiff's Response contends that a motion to dismiss based on statute of limitations is inappropriate because disputed facts are involved. This contention is not true as there are no disputed facts as to when the statute of limitations applicable to Plaintiff's civil theft claim began to run.

Though a statute of limitations bar is an affirmative defense, it may be resolved on a Rule 12(b)(6) motion to dismiss "when the dates given in the complaint make clear that the right sued upon has been extinguished." *Radloff-Francis v. Wyoming Med. Ctr.*, 524 Fed.Appx. 411, 412-13 (10th Cir. 2013) (*citing to Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980)); *Geiger v. Chubb Indem. Ins. Co.*, 2024 WL 814539 at *4-6 (D. Colo. Feb. 27, 2024) (Granting motion to dismiss with respect to claim because it is time-barred under the applicable statute of limitations).

It is undisputed that Plaintiff last worked for Defendant in April 2021. *See* Am. Compl. ¶¶ 16, 53 [Dkt. 47-1]. It is also undisputed that Plaintiff's civil theft claim is based on Defendant's alleged failure to provide her *bonafide* meal breaks and proper overtime based on bonuses. Essentially, Plaintiff asserts that Defendant did not pay her for time she worked during her meal

2

breaks in April 2021 or earlier. Critically, in her Memorandum in Opposition to Defendant's Motion to Dismiss, Plaintiff fails to point to any disputed facts that indicate an alternate time the statute of limitations began to run. *See Nagim v. Jackson*, No. 10-CV-003280PAB-KLM, 2010 WL 4318896 at *4 (D.Colo. Aug. 10, 2010) ("Once a defendant satisfies his initial burden to show that a claim is untimely, the burden shifts to plaintiff to establish a later accrual date or to show that there is a basis to toll the accrual date") (citing to *Aldrich*, 627 F.2d at 1041 n. 4); *see also* C.R.S. § 8-4-109(1) (when payment is due upon separation of employment). In addition, the Amended Complaint is silent to any alternative basis of when the civil theft claim accrued. *See generally* Am. Compl. [Dkt. 51]. As Plaintiff does not offer any factual allegations to form an alternate basis for when her civil theft claim accrued, there is no question as to when the civil theft claim began to accrue. Simply, Plaintiff's civil theft claim began to accrue, at the latest, in April 2021 – at the time she left Defendant. Thus, Plaintiff's civil theft claim accrued well before the one- or two-year statute of limitations applicable to civil theft claims.

Therefore, Plaintiff's civil theft claim should be dismissed.

### B. Civil Theft Claims are Subject to a One- or Two-year Statute of Limitations.

Plaintiff contends that a three-year statute of limitations applies to her civil theft claim because a three-year statute of limitations applies to conversion claims. The statute of limitations to conversion claims is irrelevant as the law is settled on a one- to two-year statute of limitations for civil theft claims.

Plaintiff cites to a string of federal Colorado district court cases that apply a two- or three-year statute of limitations to conversion cases to support her contention that a three-year statute of limitations applies rather than a one- or two-year statute of limitations. *See* Memorandum in Opposition to Defendant's Motion to Dismiss [Dkt. 59]. In support of her argument, Plaintiff

3

drops of a footnote acknowledging the distinction between conversion and civil theft claims. *See id*. However, it is irrelevant what the applicable statute of limitations is for conversion claims as Plaintiff has brought a *civil theft* claim.

While there may be a lack of consensus as to what the applicable statute of limitations for conversion claims (which is irrelevant), Colorado state courts and federal courts sitting in Colorado agree that claims for civil theft must be brought within one or two years. *See Brody v. Bruner*, 19-CV-01091-RM-NRN, 2021 WL 4264055 at *3 (D. Colo. Sept. 20, 2021) ("The parties agree that, under Colorado law, the statute of limitations for civil theft is two years and the statute of limitations for its treble damages provision is one year") (citing to *Tisch v. Tisch*, 439 P.3d 89, 101 (Colo. App. 2019)); *Martinez v. Nash Finch Co.*, 886 F.Supp.2d 1212, 1221 (D. Colo. 2013) ("Civil theft claims are subject to a two-year statute of limitations"); *Maez v. Springs Automotive Grp.*, 268 F.R.D. 391, 395 (D. Colo. 2010) ("Claims for civil theft under Colorado law must be brought within two years"); *Michaelson v. Michaelson*, 923 P.2d 237, 242 (Colo. App. 1995), rev'd on other grounds, 939 P.2d 835 (Colo. 1997) (applying the two-year statute of limitations for torts generally, found at C.R.S. § 13-80-102, to civil theft claim). Thus, Colorado law is settled that a one- or two-year statute of limitations applies to civil theft claims.

### C.  Plaintiff's Civil Theft Claim is Not Timely.

#### i.  *Plaintiff's claim is not subject to equitable tolling.*

Plaintiff alleges that equitable estoppel applies to her civil theft claim because Defendant contributed to her delay in pursuing her civil theft claim. However, equitable estoppel is inappropriate and the statute of limitations operates to bar Plaintiff's civil theft claim because Defendant did not provide any promises or assurances about its meal break policy to Plaintiff after April 2021.

4

In Colorado, "an equitable tolling of a statute of limitations is limited to situations in which either the defendant has wrongfully impeded the plaintiff's ability to bring the claim or truly extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts." *Campbell v. Pohlman*, No. 09-CV-01041-CMA-KLM, 2011 WL 1755714 at *3 (D. Colo. April 14, 2011) (citing to *Dean Witter Reynolds, Inc. v. Hartman*, 911 P.2d 1094, 1099 (Colo.1996)). A defendant has wrongfully impeded the plaintiff's ability to bring a claim when (1) he "contribute[d] to the running of the statute of limitations" by his "acts or omissions," *Strader v. Beneficial Fin. Co. of Aurora*, 551 P.2d 720, 724 (Colo.1976), or (2) he "fail[ed] to disclose information that he is legally required to reveal and the [plaintiff] [was] prejudiced". *Campbell*, 2011 WL 1755714 at *3 (citing to *Garrett v. Arrowhead Imp. Ass'n*, 826 P.2d 850, 855 (Colo. 1992)).

As a threshold issue, Plaintiff appears to allege that her civil theft claim first accrued in October 2023, which is when she first filed her lawsuit that did not include her civil theft claim. *See* Compl. [Dkt. 1]. However, this is incorrect as a claim begins accruing when the plaintiff had or should have had knowledge of the facts to establish the cause of action, not when the plaintiff became aware of the legal theory upon which the action may be brought. *See Wagner v. Grange Ins. Ass'n*, 166 P.3d 304, 307 (Colo. App. 2007).

In this case, Plaintiff has not pled or provided of evidence or extraordinary circumstances that prevented her from filing a claim against Defendant within the statute of limitations period. *See Campbell*, 2011 WL 1755714 at *4. Likewise, Plaintiff also has not alleged that Defendant failed to disclose information that it was legally required to disclose. *See id.* In fact, in her original complaint, she alleged information based on her possession of her time records, which she already possessed. Compl. ¶ 66 [Dkt. 1]. Therefore, the only basis for Plaintiff's contention that equitable

tolling is appropriate is the possibility that Defendant "contributed to the running of the statute of limitations" by its "acts or omissions". *Strader*, 551 P.2d at 724. Plaintiff has not alleged any facts that Defendant made any promises or assurances to her after April 2021 about whether its meal break policy provided *bonafide* meal breaks. *See* Am. Compl. [Dkt. 51]. *See Campbell*, 2011 WL 1755714 at *4 (Equitable tolling inappropriate where no facts support that defendant made continuing promises and assurances to contribute to the running of the statute of limitations). Similarly, Plaintiff has not alleged that any party on behalf of Defendant made promises or assurances to Plaintiff about Defendant's meal break policy after April 2021. *See* Am. Compl. [Dkt. 51]. Indeed, it is undisputed that Defendant did not make false promises about its meal break policy to Plaintiff after April 2021 because Plaintiff did not allege that Defendant had any interaction with Plaintiff after she stopped working for Defendant in April 2021. *See Campbell*, 2011 WL 1755714 at *4. The undisputed facts demonstrate that Defendant could not have made any promises or assurances to Plaintiff that are sufficient to equitability toll Plaintiff's civil theft claim. Accordingly, the one- or two-year statute of limitations bars Plaintiff's civil theft claim.

> ii. ***The civil theft claim is time-barred even if it relates back to original complaint.***

Federal Rule of Civil Procedure 15(c) permits amendments to a pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Fed.R.Civ.P 15(c). Here, Plaintiff's argument assumes that the statute of limitations for conversation claims applies to her civil theft claim. This assumption is incorrect as a one- or two-year statute of limitations applies to Plaintiff's civil theft claim. *See* Section III, B, *supra*. Thus, even assuming that Plaintiff's civil theft claim relates back to her original complaint filed in October 2023 [Dkt. 1], Plaintiff's civil theft claim is time-barred as Plaintiff's civil theft claim extinguished in April 2022 (one-year statute of

6

limitations) or April 2023 (two-year statute of limitations) based on the fact that she last worked for Defendant in April 2021.

Therefore, dismissal is warranted on Plaintiff's civil theft claim.

## IV.    CONCLUSION

WHEREFORE, Defendant the Center at Lincoln requests that the Court dismiss Plaintiff's Fourth Cause of Action for Civil Theft of Wages.

DATED this the 9th day of August 2024.

> Respectfully submitted,
>
> */s/Andrew K. Lavin*
> Andrew K. Lavin, Esq.
> Rose Zetzman, Esq.
> GORDON REES SCULLY MANSUKHANI, LLP
> 555 Seventeenth Street, Suite 3400
> Denver, Colorado 80202
> Telephone: (303) 534-5160
> alavin@grsm.com
> rzetzman@grsm.com
> *Attorneys for Defendant The Lincoln Center, LLC*

7

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the above and foregoing was electronically filed with the Clerk of the United States District Court using the CM/ECF system which will send notification to all counsel of record and a copy was served via electronic counsel on William C. (Clif) Alexander, Esq. and Austin W. Anderson, Esq. at the email addresses listed below on this the 9th day of August 2024.

*Counsel for Plaintiff*:

Michael A. Josephson
Andrew W. Dunlap
Oliva R. Beale
Josephson Dunlap LLC
11 Greenway Plaza, Suite 3050
Houston, TX 77046
mjosephson@mybackwages.com
adunlap@mybackwages.com
obeale@mybackwages.com

Richard J. (Rex) Burch
Bruckner Burch PLLC
11 Greenway Plaza, Suite 3025
Houston, TX 77046
rburch@brucknerburch.com

William C. (Clif) Alexander*
Austin W. Anderson*
Anderson Alexander PLLC
101 N. Shoreline Blvd., Suite 610
Corpus Christi, TX 78401
clif@a2xlaw.com
austin@a2xlaw.com
*Pro Hac Vice applications forthcoming

                              */s/Monica L. Vela*
                              For Gordon Rees Scully Mansukhani, LLP