IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-02834-PAB-KAS

CELINE COMMISSIONG, individually and for others similarly situated,

    Plaintiff,

v.

THE CENTER AT LINCOLN, LLC,

    Defendant.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

    This matter is before the Court on the parties' **First Amended Joint Motion to Stay, Toll, and Mediate** [#64] (the "Motion"). The Court denied without prejudice the parties' prior Joint Motion to Stay, Toll, and Mediate [#60], stating that they could renew the request after they scheduled a mediation date. *Minute Order* [#63]. In the present Motion [#64], the parties state that they have scheduled mediation for October 16, 2024.

    The Court is not inclined to enter a blanket stay for the full 90 days requested by the parties. From the date of the filing of the Motion [#64], the stay would be in effect through November 18, 2024, if so granted. Rather, the Court finds it most efficient to permit the stay but to require a status report shortly after the mediation date to determine whether the stay should be lifted. Accordingly,

    IT IS HEREBY **ORDERED** that the Motion [#64] is **GRANTED in part**, as follows:

    IT IS FURTHER **ORDERED** that all discovery is **STAYED** pending mediation. **No later than October 23, 2024**, the parties shall file either (1) a status report indicating why a continued stay is appropriate, or (2) a joint motion asking the Court to lift the stay and requesting reasonable extensions of any necessary deadlines.

    The parties further ask the Court to toll the putative class members' statute of limitations for wage and hour claims brought under the Fair Labor Standards Act ("FLSA") from August 8, 2024, until 14 days after an impasse is declared by the mediator or 14 days after the stay is lifted. Regarding the issue of whether to equitably toll the FLSA's statute of limitations, the Court notes that "[e]quitable tolling is a doctrine that permits courts to extend statutes of limitations on a case-by-case basis in order to prevent inequity." *Collins v. Dkl Ventures, LLC*, No. 16-cv-00070-MSK-KMT, 2016 WL 852880, at

1

*3 (D. Colo. Mar. 4, 2016) (citation omitted). "This equitable tolling doctrine is read into every federal statute," including for FLSA collective actions. *Id.* (citations omitted). "[T]he decision to invoke equitable tolling in a particular case lies exclusively within the sound discretion of the trial court." *Id.* (citation omitted). Given the parties' agreement, the upcoming mediation, and the present procedural posture of the case, the Court finds that tolling is appropriate until after the stay is lifted. *See, e.g.*, *id.* (staying the case pending resolution of a dispositive motion and tolling the statute of limitations during the pendency of the stay). The Court is not inclined to toll the statute of limitations until the alternative date of "14 days after an impasse is declared by the mediator," given that the Court *may* lift the stay at any time, should it become clear that sufficient progress toward settlement is not being made. Accordingly,

IT IS FURTHER **ORDERED** that the putative class members' statute of limitations for wage and hour claims brought under the Fair Labor Standards Act ("FLSA") is **TOLLED** from **August 8, 2024**, until 14 days after the stay is lifted.

Dated: September 27, 2024