IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 23-cv-02834-PAB-KAS

CELINE COMMISSIONG, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

THE CENTER AT LINCOLN, LLC,

    Defendant.
_____

**ORDER**
_____

The matter before the Court is Defendant the Center at Lincoln's Motion to
Dismiss the Civil Theft Claim of the Amended Complaint [Docket No. 54].  Plaintiff
Celine Commissiong filed a response, Docket No. 59, and defendant replied.  Docket
No. 62.  The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

**I. BACKGROUND[1]**

The Center at Lincoln ("TCL") serves patients needing physical rehabilitation and
complex nursing care.  Docket No. 51 at 9, ¶ 49.  Ms. Commissiong worked for TCL in
Parker, Colorado from December 2015 to April 2021 as a certified nursing assistant and
licensed practical nurse.  *Id.* at 4, ¶ 16.  Ms. Commissiong's responsibilities included
providing direct patient care to TCL's clients, such as monitoring residents, checking
vitals, charting residents' health histories, and treatments, as well as assisting with

_____

[1] The following facts are taken from the First Amended Class and Collective
Action Complaint, Docket No. 51, and are presumed true for the purpose of ruling on
the motion to dismiss.

physical therapy, responding to emergencies, and generally assisting doctors and other patient care staff.  *Id.* at 9, ¶ 54.  Throughout her time working for TCL, TCL deducted thirty minutes a day from Ms. Commissiong's recorded work time for meal breaks.  *Id.* 10, ¶ 56.  However, Ms. Commissiong did not receive bona fide meal breaks.  *Id.*, ¶ 57. Instead, TCL required Ms. Commissiong to remain on-duty and perform compensable work throughout her shifts.  *Id.* at 11, ¶ 69.  TCL continuously subjected Ms. Commissiong to work interruptions during her unpaid meal periods.  *Id.*, ¶ 70.  TCL required Ms. Commissiong to stay on TCL's premises during meal breaks and to carry her cellular phone so that TCL could contact her anytime.  *Id.* at 12, ¶ 71.  Because of the interruptions from TCL, Ms. Commissiong was not free to engage in personal activities during her unpaid meal periods.  *Id.*, ¶ 72.

Ms. Commissiong routinely worked over forty hours in a typical work week.  *Id.* at 14, ¶ 87.  TCL paid Ms. Commissiong Covid pay, "SD LPN" pay, and non-discretionary shift incentive bonuses throughout her employment.[2]  *Id.* at 10, ¶ 58.  However, TCL did not include the Covid pay, "SD LPN" pay, and non-discretionary shift incentive bonuses as part of Ms. Commissiong's regular rate of pay for purposes of calculating overtime. *Id.*, ¶ 59.  Because TCL did not include the Covid pay, "SD LPN" pay, and non-discretionary shift incentive bonuses in calculating Ms. Commissiong's regular pay

---

[2] Ms. Commissiong's amended complaint does not define "Covid pay" and "SD LPN" pay.  *See* Docket No. 51.  The Court assumes that Covid pay refers to TCL paying greater compensation for employees who worked during the COVID-19 pandemic and that SD LPN pay refers to additional pay Ms. Commissiong received as a licensed practical nurse.  For purposes of ruling on TCL's motion to dismiss, it is immaterial what kind of incentive pay Ms. Commissiong received.

rates, TCL failed to pay her overtime wages at the proper premium rate, which is based on all remuneration received.  *Id.* at 15, ¶ 91.

On October 27, 2023, Ms. Commissing filed suit.  Docket No. 1.  In the original complaint, Ms. Commissing brings one claim for failure to pay overtime in violation of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201–19, based on TCL's failure to compensate her for the hours she worked during uncompensated meal breaks.  *Id.* at 16, ¶¶ 121–25.  Ms. Commissiong brings her claim on behalf of herself and a class comprising "[a]ll hourly, non-exempt TCL employees who received a meal period deduction at any time during the past 3 years."  *Id.* at 3, ¶ 21.

On June 21, 2024, Ms. Commissiong filed the first amended complaint.  Docket No. 51.  The amended complaint adds allegations regarding TCL's failure to correctly calculate Ms. Commissiong's regular pay rate, thereby undercompensating Ms. Commissiong for her overtime.  *See*, *e.g.*, *id.* at 3, ¶ 11.  In addition to her claim under the FLSA, Ms. Commissiong adds claims for violations of the Colorado Wage Claim Act, ("CWCA"), Colo. Rev. Stat. §§ 8-4-101–123, and the Colorado Minimum Wage Act ("CMWA"), Colo. Rev. Stat. §§ 8-6-101–120.  *Id.* at 27–32, ¶¶ 160–92.  Ms. Commissiong also adds a claim of "Civil Theft of Wages Under the CMWA."  *Id.* at 32–33, ¶¶ 193–201 (citing Colo. Rev. Stat. §§ 18-4-401, 8-6-116).

On July 5, 2024, TCL moved to dismiss Ms. Commissiong's civil theft claim.  Docket No. 54.  It argues that the statute of limitations bars Ms. Commissiong's civil theft claim.  *Id.* at 1.  Ms. Commissiong responded on July 26, 2024.  Docket No. 59.  On August 8, 2024, TCL replied.  Docket No. 62.

## II.  LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil

Procedure, a complaint must allege enough factual matter that, taken as true, makes

the plaintiff's "claim to relief . . . plausible on its face."  *Khalik v. United Air Lines*, 671

F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007)).  "The 'plausibility' standard requires that relief must plausibly follow from the

facts alleged, not that the facts themselves be plausible."  *RE/MAX, LLC v. Quicken*

*Loans Inc.*, 295 F. Supp. 3d 1163, 1168 (D. Colo. 2018) (citing *Bryson v. Gonzales*, 534

F.3d 1282, 1286 (10th Cir. 2008)).  Generally, "[s]pecific facts are not necessary; the

statement need only 'give the defendant fair notice of what the claim is and the grounds

upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting

*Twombly*, 550 U.S. at 555) (alterations omitted).  A court, however, does not need to

accept conclusory allegations.  *See, e.g.*, *Hackford v. Babbit*, 14 F.3d 1457, 1465 (10th

Cir. 1994) ("we are not bound by conclusory allegations, unwarranted inferences, or

legal conclusions").

"[W]here the well-pleaded facts do not permit the court to infer more than the

mere possibility of misconduct, the complaint has alleged – but it has not shown – that

the pleader is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations

and alterations omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [her]

claims across the line from conceivable to plausible in order to survive a motion to

dismiss." (quoting *Twombly*, 550 U.S. at 570)).  If a complaint's allegations are "so

general that they encompass a wide swath of conduct, much of it innocent," then

plaintiff has not stated a plausible claim.  *Khalik*, 671 F.3d at 1191 (quotations omitted).

Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still

must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson*, 534 F.3d at 1286 (alterations omitted).

### III. ANALYSIS

TCL argues that the statute of limitations bars Ms. Commissiong's civil theft claim. Docket No. 54 at 1. "The statute of limitations is an affirmative defense that must be raised by the defendant." *Herrera v. City of Espanola*, 32 F.4th 980, 991 (10th Cir. 2022) (citing *Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1299 (10th Cir. 2018)). "Typically, facts must be developed to support dismissing a case based on the statute of limitations." *Id.* (citations omitted). However, a "statute of limitations defense may be appropriately resolved on a Rule 12(b) motion when the dates given in the complaint make clear that the right sued upon has been extinguished." *Id.* (quoting *Sierra Club v. Okla. Gas & Elec. Co.*, 816 F.3d 666, 671 (10th Cir. 2016)).

TCL asserts that, under Colorado law, the statute of limitations for a civil theft claim is two years. Docket No. 54 at 3 (citing *Brody v. Bruner*, No. 19-cv-01091-RM-NRN, 2021 WL 4264055, at *3 (D. Colo. Sept. 20, 2021) (citing *Tisch v. Tisch*, 439 P.3d 89, 101 (Colo. App. 2019))). TCL maintains that Ms. Commissiong knew she was not receiving uninterrupted meal breaks at the time she was working for TCL. *Id.* at 3–4. Because Ms. Commissiong alleges that she worked for TCL until April 2021, TCL argues that the statute of limitations began to run in April 2021, at the latest. *Id.* Therefore, it asserts that Ms. Commissiong's claims are barred by the statute of limitations because she waited to file her original complaint until October 27, 2023, more than two years later. *Id.*

Ms. Commissiong responds that her civil theft claim is not governed by a two-year statute of limitations, but is instead governed by a three-year statute of limitations under Colo. Rev. Stat. § 13-80-101(1)(h).  Docket No. 59 at 4.  Section 13-80-101(1)(h) provides that

> The following civil actions, regardless of the theory upon which suit is brought, or against whom suit is brought, shall be commenced within three years after the cause of action accrues, and not thereafter: . . . (h) All actions of replevin or for taking, detaining, or converting goods or chattels, except as otherwise provided in section 13-80-103.5.[3]

---

[3] Section 13-80-103.5 provides a six-year statute of limitations for all "actions to recover a liquidated debt or an unliquidated, determinable amount of money due to the person bringing the action."  Colo. Rev. Stat. § 13-80-103.5(1)(a).  Recently, the Colorado Court of Appeals held that claims under the CMWA are governed by the six-year statute of limitations in § 13-80-103.5(1)(a) because CMWA claims seek to recover a "determinable amount of money due to the person bringing the action," Colo. Rev. Stat. § 13-80-103.5(1)(a), i.e. the fixed amount of stolen wages.  *Perez v. By the Rockies, LLC*, 543 P.3d 1054, 1055–57 (Colo. App. 2023).  The Colorado Supreme Court has granted certiorari to consider whether CMWA claims are instead governed by the CWCA's two-year statute of limitations.  *By the Rockies, LLC v. Perez*, 2024 WL 3862467, at *1 (Colo. Aug. 19, 2024).  The CMWA states that "the payment to . . . employees of a wage less than the minimum . . . is unlawful, and every employer or other person who intentionally . . . pays or causes to be paid to any such employee a wage less than the minimum commits theft as defined in section 18-4-401."  Colo. Rev. Stat. § 8-6-116(1).  Section 18-4-401 is Colorado's criminal theft statute.  *See* Colo. Rev. Stat. § 18-4-401(1).  The statute categorizes types of theft from petty offense to felony offense based on the value "of the thing involved" in the theft.  *See id.*, § 18-4-401(2).  The CMWA states that "the amount of the theft is the unpaid balance of the full amount of the minimum wage, as described in section 8-6-118."  Colo. Rev. Stat. § 8-6-116(2).  Section 8-6-118 states that an "employee receiving less than the legal minimum wage applicable to such employee is entitled to recover in a civil action the unpaid balance of the full amount of such minimum wage, together with reasonable attorney fees and court costs, notwithstanding any agreement to work for a lesser wage."  Colo. Rev. Stat. § 8-6-118.  Prior to 2020, § 8-6-118 was an employee's only remedy under the CMWA.  At that time, § 8-6-116 of the CMWA did not tie wage theft to Colorado's criminal theft statute, but instead stated that an entity who fails to pay minimum wage in any amount "is guilty of a misdemeanor and, upon conviction thereof, shall be punished by a fine of not less than one hundred dollars nor more than five hundred dollars, or by imprisonment in the county jail for not less than thirty days nor more than one year, or by both such fine and imprisonment."  Colo. Rev. Stat. § 8-6-116 (2019).  However, by cross-referencing Colorado's criminal theft statute, the 2020 amendment to the CMWA appears to have provided victims of wage theft with a civil remedy beyond that provided

Colo. Rev. Stat. § 13-80-101(1)(h).  Ms. Commissiong acknowledges that some courts

have assumed that a two-year statute of limitations applies to civil theft claims.  Docket

No. 59 at 4.  However, she argues other courts have analyzed civil theft claims and

claims for conversion together, and that these courts have found that the three-year

statute of limitations in § 13-80-101(1)(h) applies to both claims.  *Id.* (comparing *Curtis*

*v. Counce*, 32 P.3d 585, 588 (Colo. App. 2001) (applying three-year statute of

limitations to claims for conversion and theft); *Patterson v. Dex Media, Inc.*, No. 11-cv-

02336-LTB-BNB, 2012 WL 3778338, at *5 (D. Colo. Aug. 31, 2012) (same) with *McGee*

*v. Hardina*, 140 P.3d 165, 167 (Colo. App. 2005) (applying two-year statute of

limitations); *Oaster v. Robertson*, 173 F. Supp. 3d 1150, 1168 (D. Colo. 2016) (same);

*Focke v. Allen*, No. 20-cv-03014-MEH, 2021 WL 3828714, at *5 (D. Colo. Aug. 27,

2021) (same)).

Ms. Commissiong relies on *Schober v. Thompson*, No. 21-cv-01382-GPG-NRN,

2023 WL 9469025, at *3 (D. Colo. Dec. 19, 2023), where the court concluded that a

three-year statute of limitations applied to plaintiff's claims for conversion and trespass

to chattels.  Docket No. 59 at 5.  In *Schober*, the court stated that, "[h]istorically,

---

for in § 8-6-118.  Section 18-4-405 of Colorado's criminal theft statute provides that "[a]ll
property obtained by theft, robbery, or burglary shall be restored to the owner" and that
the "owner may maintain an action not only against the taker thereof but also against
any person in whose possession he finds the property."  Colo. Rev. Stat. § 18-4-405.
Therefore, a victim of wage theft now appears to have two options to recover stolen
wages, a claim of civil theft under § 18-4-405 or a claim under § 8-6-118 of the CMWA.
Ms. Commissiong's complaint is ambiguous as to which statute governs her claim of
wage theft.  The amended complaint alleges a claim of "Civil Theft of Wages Under the
CMWA" and she cites both § 8-6-116 and § 18-4-405.  Docket No. 51 at 32–33, ¶¶ 193–
201.  Because neither party addresses the issue or discusses the statute of limitations
for CMWA claims, the Court will assume that Ms. Commissiong's claims are governed
by the statute of limitations applicable to all civil theft claims, and not by the statute of
limitations for claims brought under the CMWA.

interference with chattels was governed by writs at law for conversion, trespass to

chattels, or replevin." *Schober*, 2023 WL 9469025, at *3 n.3.  It noted that, "[i]n a

conversion action, the allegation is that the defendant so substantially interfered with the

property that the plaintiff is entitled to recover its market value at the time of the

conversion," whereas in "a trespass action, the interference is less substantial and the

plaintiff seeks damages for loss of use." *Id*.  The court stated that "[t]here is no

consensus among Colorado courts—or federal courts applying Colorado law—as to the

statute of limitations applying to conversion and trespass-to-chattels claims" and

suggested that the "lack of consensus appears to derive from the fact that two different

Colorado statutes might apply," namely, § 13-80-101(1)(h) for conversion actions and

§ 13-80-102(1)(a) for tort actions.  *Id.* at *3.  The court identified three reasons why

§ 13-80-101(1)(h) applied to the conversion and trespass claims.  *Id.* at *4.  First, the

reference to conversion in § 13-80-101(1)(h) is more specific than § 13-80-102(1)(a)'s

reference to "tort actions," and, under Colorado law, specific provisions of a statute

govern over more general provisions.  *Id.* (citing *Jones v. Cox*, 828 P.2d 218, 223 (Colo.

1992)).  Second, "because statutes of limitation are in derogation of a presumptively

valid claim, a longer period of limitations should prevail where two statutes are arguably

applicable," and § 13-80-101(1)(h) has a three-year limitations period whereas § 13-80-

102(1)(a) has a two-year limitations period.  *Id.* (quoting *Dawson v. Reider*, 872 P.2d

212, 214 (Colo. 1994)).  Finally, at the motion to dismiss stage, the parties agreed that a

three-year statute of limitations should be applied and that, under the law of the case

doctrine, the three-year limitations period should apply at summary judgment.  *Id.* at *4–

5.  Ms. Commissiong maintains that *Schober*'s reasoning applies equally to her civil theft claim.  Docket No. 59 at 5.

TCL replies that Ms. Commissiong's reliance on Colorado cases analyzing conversion claims is inapposite because, regardless of any confusion about the applicable statute of limitations for conversion claims, courts have found that a two-year statute of limitations applies to civil theft claims.  Docket No. 62 at 4.  The Court disagrees that Ms. Commissiong's cases are inapposite.  In both *Curtis* and *Patterson*, the courts applied a three-year statute of limitations to civil theft claims.  *Curtis*, 32 P.3d at 588 ("Under the plain language of § 13–80–101(1)(h), daughter's claims for replevin, conversion, and theft are subject to a three-year statute of limitations."); *Patterson*, 2012 WL 3778338, at *5.[4]  Moreover, the Court agrees with Ms. Comissiong that the cases cited by TCL address the issue of what statute of limitations applies to a civil theft claim "with little, if any, analysis."  Docket No. 59 at 5.  For example, in *Brody*, 2021 WL 4264055, at *3, the court stated that the "parties agree that, under Colorado law, the statute of limitations for civil theft is two years and the statute of limitations for its treble damages provision is one year."  Accordingly, the court did not consider whether § 13-80-101(1)(h) applied to the civil theft claim.  The Colorado cases cited by TCL also do not support the proposition that a two-year statute of limitations applies over § 13-80-101(1)(h)'s three-year statute of limitations.  In *Tisch*, 439 P.3d at 101, the court assumed that Colo. Rev. Stat. § 13-80-102(1)(a), which is Colorado's general statute of limitations for tort actions, applied to plaintiffs' civil theft claim but cited no support for

---

[4] In *Patterson*, 2012 WL 3778338, at *2, the plaintiff brought a single claim for "fraud, conversion and theft."

that proposition beyond § 13-80-102(1)(a) itself.  *See Tisch*, 439 P.3d at 100.

Moreover, whether plaintiffs' civil theft claim was governed by a two- or three-year

statute of limitations was irrelevant because, "by filing their complaint on April 29, 2016,

they were well within the relevant two- and three-year statute of limitations periods for

both civil theft and breach of fiduciary duty."  *Id.* at 101.  In *Michaelson v. Michaelson*,

923 P.2d 237, 240–42 (Colo. App. 1995), the court found that a two-year statute of

limitations applied to plaintiff's civil theft claim, not because the court considered

whether § 13-80-101(1)(h) applied, but instead because the plaintiff had failed to

demonstrate that the three-year statute of limitations for criminal theft charges applied to

her civil claim.

TCL does not identify what specific statute of limitations it believes applies to Ms.

Commissiong's civil theft claim, but instead relies on cases holding that there is a two-

year limitations period.  *See* Docket No. 54 at 3.  In *Tisch*, which TCL cites, the court

assumed that § 13-80-102(1)(a) applied to the plaintiff's civil theft claim.  *Tisch*, 439

P.3d at 101; *see also* Docket No. 62 at 4 (citing *Michaelson*, 923 P.2d at 242 (applying

C.R.S. § 13-80-102(1)(a) to civil theft claim)).  Therefore, the Court construes TCL's

argument to be that § 13-80-102(1)(a) governs plaintiff's claims.  *See Schober*, 2023

WL 9469025, at *3 (the "lack of consensus appears to derive from the fact that two

different Colorado statutes might apply" to conversion and trespass on chattels claims –

§ 13-80-101(1)(h) and § 13-80-102(1)(a)).

Section 13-80-102(1)(a) states that

The following civil actions, regardless of the theory upon which suit is brought, or
against whom suit is brought, must be commenced within two years after the
cause of action accrues, and not thereafter: (a) Tort actions, including but not
limited to actions for negligence, trespass, malicious abuse of process, malicious

prosecution, outrageous conduct, interference with relationships, and tortious breach of contract.

Colo. Rev. Stat. § 13-80-102(1)(a).

Comparing the language of § 13-80-102(1)(a) and § 13-80-101(1)(h), the Court finds that § 13-80-101(1)(h) more clearly governs Ms. Commissiong's civil theft claim. When interpreting a statute, the Colorado Supreme Court has stated that the "primary task is to 'give effect to the intent of the General Assembly.'"  *Edwards v. New Century Hospice, Inc.*, 535 P.3d 969, 973 (Colo. 2023) (quoting *People v. Dist. Ct.,* 713 P.2d 918, 921 (Colo. 1986)).  "Where the plain language is unambiguous," courts apply the statute "as written."  *Id.* (alterations omitted) (quoting *Nieto v. Clark's Mkt., Inc.*, 488 P.3d 1140, 1143 (Colo. 2021).  To ascertain the intent of the legislature, Colorado courts "look to the entire statutory scheme in order to give consistent, harmonious, and sensible effect to all of its parts, and . . . apply words and phrases in accordance with their plain and ordinary meanings.'"  *Id.* (quoting *Chirinos-Raudales v. People,* 532 P.3d 1200, 1203 (Colo. 2023)).

The plain language of § 13-80-101(1)(h) suggests that it provides the applicable statute of limitations for Ms. Commissiong's claim.  Section 13-80-101(1)(h) states that all "actions of replevin or for taking, detaining, or converting goods or chattels"[5] have a

---

[5] Although money is not typically considered a good or chattel, *Chattel*, Black's Law Dictionary (12th ed. 2024) ("That Money is not to be accounted Goods or *Chattels*, because it is not of it self valuable . . . *Chattels* are either *personal* or *real*."), the Colorado Court of Appeals has held that claims for the return of ill-gotten money are covered by § 13–80–101(1)(h).  *Curtis*, 32 P.3d at 588 ("Although breach of bailment is not among the actions listed in § 13–80–101(1)(h), we conclude that in the circumstances of this case, it is sufficiently similar to replevin, conversion, or theft to be likewise subject to § 13–80–101(1)(h).  The same is true of the claim for monies owing because that claim arises not from breach of contract, which is subject to § 13–80–101(1)(a), but rather from replevin, conversion, theft, or breach of bailment, each of

11

three-year statute of limitations.  Colo. Rev. Stat. § 13-80-101(1)(h).  "Section 18-4-405
provides civil remedies to an owner of stolen property obtained by 'theft, robbery, or
burglary.'"  *Myers v. Falletta*, 2024 WL 4034046, at *4 (Colo. App. Feb. 1, 2024).  A
defendant is liable for civil theft if the defendant "(1) knowingly obtained, retained, or
exercised control over 'anything of value of another without authorization or by threat or
deception'; and (2) acted intentionally or knowingly in ways that deprived the plaintiff of
the thing of value permanently."[6]  *Id.*  In addition, the Colorado Supreme Court has held
that "theft" may "occur when one *takes* property without the owner's authorization" or
when "the property is *taken* by deception, even with the owner's authorization."
*Morales*, 2021 WL 825994, at *3 (emphasis added) (quoting *West v. Roberts*, 143 P.3d
1037, 1040 (Colo. 2006)).  When these authorities are considered as a whole, they
suggest that the language of § 13-80-101(1)(h), which refers to the "taking" of certain
kinds of property, would include the takings that are described in the civil theft statute.
*Curtis*, 32 P.3d at 588 ("Under the plain language of § 13–80–101(1)(h), daughter's
claims for replevin, conversion, and theft are subject to a three-year statute of
limitations.").

By comparison, the plain language of § 13-80-102(1)(a) does not as precisely
address Ms. Commissiong's civil theft claim.  First, § 13-80-102(1)(a) applies only to

which is subject to § 13–80–101(1)(h).").  Money is also considered part of the property
that can be returned under § 18-4-405.  *Morales v. RoxBox Containers, LLC*, No. 20-cv-
00262-PAB-KLM, 2021 WL 825994, at *3 (D. Colo. Mar. 4, 2021) ("Further, money is
recoverable 'property' under the statute." (citing *Rhino Fund, LLLP v. Hutchins*, 215
P.3d 1186, 1195 (Colo. App. 2008) (noting that proceeds from sale of goods
"constituted property obtained by theft" (quotation omitted))).

[6] As noted earlier, a defendant is also liable for civil theft if it knowingly "pays or
causes to be paid to any such employee a wage less than the minimum."  Colo. Rev.
Stat. § 8-6-116(1).

"tort actions."  Colo. Rev. Stat. § 13-80-102(1)(a).  Whether civil theft, as codified in
§ 18-4-405, is a "tort action" is not as well-settled as TCL suggests.  *See* Docket No. 62
at 4 ("the two-year statute of limitations for torts generally, found at C.R.S. § 13-80-102,
[applies] to [a] civil theft claim" (citing *Michaelson*, 923 P.2d at 242).  The Colorado
Supreme Court has discussed whether an action for civil theft brought under § 18-4-405
is a "tort action."  *See Bermel v. BlueRadios, Inc.*, 440 P.3d 1150, 1156–57 (Colo.
2019).  In *Bermel*, the court stated that the "notion of a 'tort' is notoriously difficult to
define with any degree of precision."  *Id.* at 1156 (quoting *Colorado Dep't of Transp. v.
Brown Grp. Retail, Inc.*, 182 P.3d 687, 690 (Colo. 2008)).  The court found that, "[w]hen
the injury arises either out of conduct that is tortious in nature or out of the breach of a
duty recognized in tort law, *and when the relief seeks to compensate the plaintiff for that
injury*, the claim likely lies in tort or could lie in tort" for purposes of the Colorado
Governmental Immunity Act.  *Id.* (quoting *Robinson v. Colo. State Lottery Div.*, 179 P.3d
998, 1003 (Colo. 2008)).  However, the court explained that § 18-4-405 not only
provides for the recovery of the stolen property but also includes a provision for treble
damages.  *Id.*; *see also* Colo. Rev. Stat. § 18-4-405 ("The owner may maintain an action
not only against the taker thereof but also against any person in whose possession he
finds the property.  In any such action, the owner may recover two hundred dollars or
three times the amount of the actual damages sustained by him.").  The court found that
the treble damages provision, as well as "the placement of the rights in stolen property
statute in the Criminal Code," "strongly suggest that the section was intended to serve
primarily a punitive, rather than a remedial, purpose," which is inconsistent with

principles of tort law.[7]  *Bermel*, 440 P.3d at 1156 (alterations omitted) (quoting *In re Marriage of Allen*, 724 P.2d 651, 656 (Colo. 1986)); *Bd. of Cnty. Comm'rs of Weld Cnty. v. Slovek*, 723 P.2d 1309, 1314 (Colo. 1986) ("the law of torts attempts primarily to put an injured person in a position as nearly as possible equivalent to his position prior to the tort" (citing Restatement (Second) of Torts § 901 comment a (1979)).

The court stated that, "[o]n the other hand, we have described a tort broadly as 'legally improper conduct that causes harm and imposes civil liability.'"  *Bermel*, 440 P.3d at 1157 (quoting *Vigil v. Franklin*, 103 P.3d 322, 324–25 (Colo. 2004)).  The court explained that, although tort law originated in the common law, "legislatures increasingly participate in determining what conduct constitutes a tort."  *Id.* (quoting *Vigil*, 103 P.3d at 325).  Because the Colorado legislature has determined that "civil theft is wrongful conduct – indeed, intentionally wrongful conduct – that causes harm for which courts will impose civil liability," the court found that, under *Vigil*, civil theft "would appear to amount to a tort in Colorado."  *Id.*  The court declined to resolve the issue because,

---

[7] In *Est. of Miller v. Storey*, the Wisconsin Supreme Court similarly distinguishing Wisconsin's civil theft statute from the tort of conversion on the ground that a civil theft claim

> is essentially a criminal charge being brought civilly by a plaintiff (for money damages) instead of by the State (for conviction), as authorized by statute. These criminal roots are important because there has long been a distinction in the common law between a tort claim and a criminal charge.  Thus, the long-standing distinction between causes of action brought as crimes and causes of action brought as torts suggests that statutory claims which enable civil enforcement of criminal law, such as the claim brought here, need not necessarily be treated as "actions based in tort" because they are actually "actions based in criminal law.

*Est. of Miller v. Storey*, 903 N.W.2d 759, 766–70 (Wis. 2017) (footnotes and citations omitted).

regardless of whether civil theft is a tort under Colorado law, the court found that the economic loss rule does not apply to civil theft claims, which was the issue on appeal. *Id.* at 1153, 1157 ("Under Colorado's economic loss rule, a party suffering only economic loss from the breach of an express or implied contractual duty may not assert a tort claim for such a breach absent an independent duty of care under tort law." (citation and quotation omitted)).

As discussed in *Bermel*, Colorado's civil theft statute includes indications that it may not be a "tort action" for purposes of § 13-80-102(1)(a), namely, that it provides for treble damages and is codified in Colorado's criminal theft statute. *Id.* at 1156–57. However, even if the Court were to adopt the broad understanding of what constitutes a "tort action" described in *Vigil*, 103 P.3d at 325, whereby civil theft "would appear to amount to a tort in Colorado," *Bermel*, 440 P.3d at 1157, it would not answer the question of whether § 13-80-102(1)(a), with its two-year statute of limitations, or § 13-80-101(1)(h), with its three-year statute of limitations, applies to Ms. Commissiong's civil theft claim. Courts have found that certain kinds of tort actions are governed by § 13-80-101(1)(h) rather than § 13-80-102(1)(a) when § 13-80-101(1)(h) more clearly describes the kind of claim at issue. *See*, *e.g.*, *Schober*, 2023 WL 9469025, at *3 (finding that the specific provisions in § 13-80-101(1)(h) govern over the more general provisions in § 13-80-102(1)(a) for plaintiff's tort claims of conversion and trespass to chattels); *see also Curtis*, 32 P.3d at 588 (finding that plaintiff's breach of bailment claim is governed by § 13-80-101(1)(h) over other statutes of limitations because, "in the circumstances of this case, it is sufficiently similar to replevin, conversion, or theft to be likewise subject to § 13-80-101(1)(h)").

Analyzing the examples of tort actions provided in § 13-80-102(1)(a) indicates that, even if civil theft is a "tort action," it more naturally falls within the scope of § 13-80-101(1)(h). Section 13-80-102(1)(a) states that a two-year statute of limitations applies to "[t]ort actions, including but not limited to actions for negligence, trespass, malicious abuse of process, malicious prosecution, outrageous conduct, interference with relationships, and tortious breach of contract." Colo. Rev. Stat. § 13-80-102(1)(a). Civil theft bears little in common with an action for negligence, interference with relationships, or tortious breach of contract. However, three of the actions identified in § 13-80-102(1)(a) – malicious abuse of process, malicious prosecution, and outrageous conduct – involve a heightened mental state, similar to theft. *See Hewitt v. Rice*, 154 P.3d 408, 414 (Colo. 2007) ("abuse of process requires proof of (1) an ulterior purpose in the use of judicial proceedings; (2) willful actions by a defendant in the use of process that are not proper in the regular conduct of a proceeding; and (3) damages"); *Parks v. Edward Dale Parrish LLC*, 452 P.3d 141, 144 n.3 (Colo. App. 2019). ("Malicious prosecution addresses the situation where a person knowingly initiates baseless litigation." (citation and quotation omitted)); *Eng. v. Griffith*, 99 P.3d 90, 93 (Colo. App. 2004) ("The elements of a claim for outrageous conduct are (1) the defendant engaged in extreme and outrageous conduct; (2) the defendant engaged in such conduct recklessly or with the intent of causing the plaintiff severe emotional distress; and (3) the defendant's conduct caused the plaintiff to suffer severe emotional distress."). This may suggest that the Colorado legislature intended that claims for intentionally tortious conduct be

brought within two years.  And *Bermel* acknowledged that "civil theft is wrongful conduct – indeed, intentionally wrongful conduct."  *Bermel*, 440 P.3d at 1157.[8]

Nevertheless, the Court finds the fact that civil theft requires a heightened mental state like some, but not all, of the torts listed in § 13-80-102(1)(a) is less persuasive evidence that § 13-80-102(1)(a) governs Ms. Commissiong's civil theft claim than the closer fit between the language of § 13-80-101(1)(h) and civil theft.  None of the torts listed in § 13-80-102(1)(a) relate to the return of ill-gotten property.  On the other hand, § 13-80-101(1)(h) governs the recovery of property that has been taken, detained, or converted in an actionable way.  Therefore, Ms. Commissiong's civil theft claim, which seeks the return of property that was obtained by theft, robbery, or burglary, *Myers*, 2024 WL 4034046, at *4, is more readily understood as a claim for the "taking" of personal property than a "tort action" akin to a claim for negligence.  Accordingly, the Court finds that a three-year statute of limitations governs her civil theft claim.[9]

---

[8] The Court notes that both the torts of trespass and conversion have criminal analogs, similar to theft.  *See* Colo. Rev. Stat. § 18-4-502–504; *People v. Berry*, 459 P.3d 578, 584 (Colo. App. 2017), *aff'd*, 457 P.3d 597 (Colo. 2020) ("An essential element of the crime of 'embezzlement' or 'criminal conversion' charged herein is that the property must be owned by another and the conversion thereof must be without the consent and against the will of the party to whom the property belongs, coupled with the fraudulent intent to deprive the owner of the property.").  Therefore, the potential criminal nature of the tort does not resolve whether the action should be governed by § 13-80-102(1)(a) or § 13-80-101(1)(h).

[9] The Court's conclusion that Ms. Commissiong's civil theft claim is governed by § 13-80-101(1)(h) is also supported by the doctrines of statutory construction discussed in *Schober*, 2023 WL 9469025, at *4.  As *Schober* explained, specific statutory provisions control over general provisions and, "because statutes of limitation are in derogation of a presumptively valid claim, a longer period of limitations should prevail where two statutes are arguably applicable."  *Id.*  First, § 13-80-101(1)(h)'s reference to "taking, detaining, or converting goods or chattels," Colo. Rev. Stat. § 13-80-101(1)(h), is a more specific characterization of Ms. Commissiong's civil theft claim than the broad term "tort action."  Colo. Rev. Stat. § 13-80-102(a).  Second, § 13-80-101(1)(h) provides for a three-year statute of limitations, whereas § 13-80-102(1)(a) provides for a two-year

Next, Ms. Commissiong maintains that her civil theft claim relates back to the filing of her original complaint.  Docket No. 59 at 7.  Ms. Commissiong did not file her amended complaint, including her civil theft claim, until June 21, 2024.  Docket No. 51.  Because Ms. Commissiong ended her employment with TCL in April 2021, *id.* at 4, ¶ 16, regardless of whether Ms. Commissiong's civil theft claim is governed by a two- or three-year statute of limitations, her claim is untimely unless it relates back to the original complaint, filed on October 27, 2023

"In limited circumstances, Federal Rule of Civil Procedure 15(c) saves an otherwise untimely amendment by deeming it to 'relate back' to the conduct alleged in the timely original complaint."  *Hernandez v. Valley View Hosp. Ass'n*, 684 F.3d 950, 961 (10th Cir. 2012).  Rule 15(c)(1)(B) provides that "[a]n amendment to a pleading relates back to the date of the original pleading when: . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading."  Fed. R. Civ. P. 15(c)(1)(B).  Whether an amendment arises out of the same conduct, transaction, or occurrence set out in the original pleading "depends on the existence of a common core of operative facts uniting the original and newly asserted claims."  *May v. Segovia*, 929 F.3d 1223, 1237 (10th Cir. 2019) (citation omitted) (Briscoe, J., concurring).  "For a newly added action to relate back, the basic claim must have arisen out of the conduct set forth in the original pleading."  *Slayton v. Am. Exp. Co.*, 460 F.3d 215, 228 (2d Cir. 2006) (citation and quotations omitted).  Amendments will generally relate back if they "amplify the facts

statute of limitations.  Colo. Rev. Stat. §§ 13-80-101(1)(h), 102(a).  Therefore, although § 13-80-101(1)(h) and § 13-80-102(a) may both arguably apply, these cannons of construction indicate that § 13-80-101(1)(h) governs this case.

previously alleged, correct a technical defect in the prior complaint, assert a new legal theory of relief, or add another claim arising out of the same facts." *Benton v. Bd. of Cnty. Comm'rs*, No. 06-cv-01406-PSF-MEH, 2007 WL 4105175, at *3 (D. Colo. Nov. 14, 2007), *aff'd*, 303 F. App'x 625 (10th Cir. 2008) (unpublished) (citation omitted). "On the other hand, amendments generally will not relate back if they interject entirely different facts, conduct, transactions or occurrences." *Id.*

Ms. Commissiong argues that "the amended complaint simply raises new causes of action based on the same factual predicate contained in her original complaint." Docket No. 59 at 10. She claims that her civil theft claim "arises from the same common core of facts alleged – that TCL illegally withheld pay from Commissioning during [the same] period of her employment – and is merely an additional theory of relief." *Id.* TCL does not respond to Ms. Commissiong's argument that her civil theft claim is based on the same conduct alleged in her original complaint. *See* Docket No. 62 at 6–7. Instead, TCL maintains that, because a two-year statute of limitations governs her claim, whether Ms. Commissiong's amended complaint relates back to her original complaint is immaterial. *Id.* The Court has rejected TCL's argument that a two-year statute of limitations governs Ms. Commissiong's civil theft claim. Moreover, the Court agrees that her civil theft claim relates back to her original complaint.

Ms. Commissiong's civil theft claim alleges that "TCL knew it failed to pay Commissiong . . . minimum wage because TCL knew (1) Commissiong . . . work[ed] 'off the clock' during [her] meal breaks; and (2) TCL failed to provide uninterrupted meal breaks and failed to compensate Commissiong . . . *at all* for these missed meal

breaks."[10]  Docket No. 51 at 32, ¶ 197.  Similarly, in the original complaint, Ms.

Commissiong alleges that TCL has violated the FLSA "by employing non-exempt

employees . . . in a covered enterprise for workweeks longer than 40 hours without

paying such employees overtime wages at rates not less than 1.5 times their regular

rates of pay for all hours worked after 40 in a workweek, including those hours worked

during their unpaid meal breaks."  Docket No. 1 at 16, ¶ 123.  TCL's failure to

adequately compensate Ms. Commissiong for the work she performed during meal

breaks is the basis for both her FLSA claim and civil theft claim, and therefore the

amended complaint "assert[s] a new legal theory of relief" by adding "another claim

arising out of the same facts."  *Benton*, 2007 WL 4105175, at *3.  Because Ms.

Commissiong's civil theft claim relates back to the original complaint and because the

original complaint was filed within the three-year statute of limitations, the claim is

timely.[11]  Therefore, the Court denies TCL's partial motion to dismiss.[12]

---

[10] Nothing in the amended complaint suggests that Ms. Commissiong is pursuing her claim for civil theft under the theory that TCL failed to proper calculate her regular rate of pay.  *See* Docket No. 51 at 32–33, ¶¶ 193–201.  Moreover, such a claim would be barred by the statute of limitations because Ms. Commissiong's allegations regarding TCL's failure to include "Covid pay, 'SD LPN' pay, and non-discretionary shift incentive bonuses" in her regular rate of pay appear nowhere in original complaint and is conduct separate from the basis for Ms. Commissiong's original FLSA claim.  *Id.* at 3, ¶ 11; *see also* Docket No. 1 at 16, ¶ 123 ("TCL violated, and is violating, the FLSA by employing non-exempt employees . . . in a covered enterprise for workweeks longer than 40 hours without paying such employees overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked after 40 in a workweek, including those hours worked during their unpaid meal breaks.").

[11] The Court finds that it is unnecessary to address Ms. Comissiong's argument that TCL is estopped under the doctrine of equitable estoppel from asserting a statute of limitations defense because the Court has found that her civil theft claim is timely.  *See* Docket No. 59 at 8.

[12] The allegations in Ms. Comissiong's civil theft claim state that Ms. Commissiong is "entitled to treble damages and attorney's fees."  Docket No. 51 at 33, ¶ 200.  TCL argues that, "[u]ndoubtedly, the claim accrued well before the one-year

## IV.    CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Defendant the Center at Lincoln's Motion to Dismiss the Civil

Theft Claim of the Amended Complaint [Docket No. 54] is **DENIED**.

DATED March 25, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

---

limitation to the penal damages applicable to civil theft."  Docket No. 54 at 4.  Because
the Court has found that a three-year statute of limitations governs Ms. Commissiong's
civil theft claim and because TCL's argument regarding the treble damages issue is
perfunctory and unsupported, the Court will not consider whether Ms. Commissiong's
request for treble damages is governed by a separate statute of limitations.  *See United
States v. Wooten*, 377 F.3d 1134, 1145 (10th Cir. 2004) ("The court will not consider . . .
issues adverted to in a perfunctory manner, unaccompanied by some effort at
developed argumentation.").  TCL also suggests that part of Ms. Commissiong's claim
may be barred by the statute of limitations because she was aware of her injuries when
they occurred, including injuries that occurred when she started for TCL in 2015.  *See*
Docket No. 54 at 3–4 ("In essence, Plaintiff claims Defendant failed to pay her for
working during a meal break at some time in April 2021 or earlier.").  Again, because
TCL's argument on this point is perfunctory, the Court will not consider whether Ms.
Commissiong seeks to recover for injuries that accrued outside the three-year statute of
limitations.  *Wooten*, 377 F.3d at 1145.